Nazareen WARD, Plaintiff-Appellant,

v.

EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Defendant-Appel-
lee.

No. 82–4080.

United States Court of Appeals,
Ninth Circuit.

Submitted July 29, 1983.*

Decided Oct. 25, 1983.

* The panel unanimously agrees that this case is
appropriate for submission without oral argu-
ment.

Nazareen Ward, pro per.

Marcia R. Ruskin, E.E.O.C., Deborah Reik, Washington, D.C., for defendant-appellee.

Before TANG, FERGUSON and BOOCHEVER, Circuit Judges.

FERGUSON, Circuit Judge:

FACTS

Nazareen Ward filed a series of charges with the Equal Employment Opportunity Commission (EEOC) between 1971 and 1974 alleging that his employer, General Motors Corporation (GM), unfairly discriminated against him on the basis of race. Apparently dissatisfied with the EEOC's handling of his case, on June 8, 1977 Mr. Ward requested from the EEOC authorization to sue GM directly in federal district court. Mr. Ward never received the right-to-sue letter because the EEOC mailed it to the wrong address. In March 1978, Mr. Ward requested that the EEOC keep his file active; the EEOC promptly notified GM that the case was still open. Early in 1980 the EEOC determined that there was no reasonable cause to believe that Mr. Ward's allegations were true. Mr. Ward then sued GM on the same charges in district court; the district court on September 30, 1982 granted summary judgment in favor of GM. Mr. Ward is separately appealing that judgment. *Ward v. General Motors Corp.*, 722 F.2d 749 (9th Cir.1982). We affirm *Ward v. General Motors* in a separate memorandum opinion issued today.

Ward filed this pro se action against the EEOC on October 15, 1981, alleging that the EEOC negligently processed his discrimination complaint and conspired with GM to deprive him of his constitutional rights. In his complaint, Ward asserted that the EEOC failed to investigate his charge, that the EEOC sent his right-to-sue letter to an incorrect address in 1977, and that the EEOC "conspired in his discrimination case and attempted to cover it up." Ward sought to enjoin the EEOC from further negligent and conspiratorial activity and to recover unspecified liquidated damages. The EEOC filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). After considering additional supporting papers filed by Ward, the district court granted summary judgment in favor of the EEOC on the grounds that the court lacked subject matter jurisdiction and that Mr. Ward had failed to state a claim upon which relief could be granted. Mr. Ward filed a timely notice of appeal.

ISSUES

In this appeal, Ward challenges the district court's grant of summary judgment in favor of the EEOC. The issues raised are whether Ward's allegation that the EEOC negligently processed his discrimination complaint states a claim upon which relief can be granted and whether Ward came forward with sufficient facts to make the conspiracy allegation a triable issue of fact.

ANALYSIS

I. EEOC Negligence

For purposes of discussion, we will assume without deciding that the EEOC processed Mr. Ward's charge negligently. Nonetheless, the district court correctly granted summary judgment against Ward if, assuming the truth of all his allegations and affidavits, he did not state a claim upon which relief could be granted. Under Fed. R.Civ.P. 56(c), summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." For the reasons discussed below, we conclude that Ward failed to state a claim against the EEOC. Congress neither expressly nor impliedly provided for an action against the EEOC for negligence, and the EEOC's nonfeasance is not reviewable under the Administrative Procedure Act. 5 U.S.C. § 704. Thus, the district court

properly granted summary judgment in favor of the EEOC.

### A. Express Cause of Action

■ Congress did not expressly create a cause of action against the EEOC by employees of third parties. *See* 42 U.S.C. §§ 2000e–1 to –17. Only present or former employees of the EEOC (or applicants for employment) who allege an unlawful employment practice committed by the EEOC as an employer may bring a Title VII action against the EEOC. *See* 42 U.S.C. § 2000e–16(c).

### B. Implied Cause of Action

■ To determine whether a cause of action is implicitly authorized by a federal statute, we consider whether: (1) the plaintiff represents a class for whose benefit the statute was enacted; (2) there is explicit or implicit legislative intent to create such a remedy; (3) it is consistent with the underlying legislative scheme to imply such a remedy for the plaintiff; and (4) the cause of action is one traditionally relegated to state law. *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087–2088, 45 L.Ed.2d 26 (1975).

■ In *Hall v. EEOC,* 456 F.Supp. 695, 698–700 (N.D.Cal.1978), the district court declined to imply a cause of action against the EEOC for its alleged failure to investigate discrimination complaints adequately. The court reasoned that implying an action against the EEOC would be inconsistent with both the legislative scheme and legislative intent, and thus the second and third prongs of the *Cort* test were not satisfied. To remedy a complainant's dissatisfaction with EEOC inaction, Congress amended Title VII in 1972 to " 'allow the person aggrieved to pursue his or her own remedy ... where there is agency inaction, dalliance or dismissal of the charge, or unsatisfactory resolution.' 118 Cong.Rec. 7168 (March 6, 1972)"; *Hall,* 456 F.Supp. at 699; *Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355, 365–66, 97 S.Ct. 2447, 2454, 53 L.Ed.2d 402 (1977). Implying a cause of action against the EEOC contradicts this policy of individual enforcement of equal employment opportunity laws and could dissipate the limited resources of the Commission in fruitless litigation with charging parties.

We join with the other circuits which have considered the question and conclude that the legislative history of the 1972 amendments to Title VII strongly indicates that Congress did not intend to imply a private cause of action against the EEOC. *See Stewart v. EEOC,* 611 F.2d 679, 682 (7th Cir.1979); *Francis-Sobel v. University of Maine,* 597 F.2d 15, 17 (1st Cir.), *cert. denied,* 444 U.S. 949, 100 S.Ct. 421, 62 L.Ed.2d 319 (1979); *Gibson v. Missouri Pacific Railroad Co.,* 579 F.2d 890, 891 (5th Cir.1978), *cert. denied,* 440 U.S. 921, 99 S.Ct. 1245, 59 L.Ed.2d 473 (1979).

### C. Administrative Procedure Act

■ In its order the district court rejected the argument that it could review Ward's claim of inadequate processing under the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.* Under the APA, "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." *Id.* § 704. Agency action is defined as including "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." *Id.* § 551(13).

The Supreme Court has recognized that not all agency activities fall within the scope of the APA. In *ITT v. Electrical Workers,* 419 U.S. 428, 443, 95 S.Ct. 600, 609–610, 42 L.Ed.2d 558 (1975), the Court concluded that for an agency action to be reviewable, that action must have "determinate consequences for the party to the proceeding." *See also Air California v. United States Dep't of Transportation,* 654 F.2d 616, 621 n. 6 (9th Cir.1981). The EEOC's negligence or inaction in the internal processing of a complaint has no determinate consequences because such actions are merely preparatory to a lawsuit by either the EEOC or the charging party in federal district court; only the district court may

fix liability. *Georator Corp. v. EEOC,* 592 F.2d 765, 767–68 (4th Cir.1979). Moreover, the statutory requirement that there be "no other adequate remedy in a court" is not met. Ward could and did remedy the EEOC's failure to prosecute his discrimination charge diligently by directly suing his employer in federal district court. We approve of the conclusion of the district court in *Hall* that:

> Congress intended that the private right of action preserved by § 706(f)(1) [of Title VII] be the all-purpose remedy for charging parties dissatisfied with the EEOC's handling of their charge. In short, we do not think Congress could have been more clear in expressing its intent that the private right of action preserved by § 706(f)(1) is "an adequate remedy in a court" for the alleged shortcomings in the EEOC's handling of the plaintiffs' charges. Thus we hold that the actions of the EEOC herein alleged are not reviewable by this court under the APA.

*Hall v. EEOC,* 456 F.Supp. at 701.

## II. Conspiracy Charges

Ward's complaint alleged that the EEOC conspired to deprive him of his constitutional rights. Even if we assume without deciding that Ward stated a valid constitutional claim, summary judgment was properly granted against him because he failed to come forward with sufficient facts to support the existence of a conspiracy.

To prove a conspiracy between the EEOC and GM, Ward had to show an agreement or "meeting of the minds" to violate his constitutional rights. *See Fonda v. Gray,* 707 F.2d 435, 438 (9th Cir.1983). Although Ward alleged that the EEOC had "conspired" against him, he introduced no evidence showing any conspiratorial connection or agreement between GM and the EEOC. Indeed, the only documents Ward filed in response to the EEOC's motion for summary judgment were some correspondence between Ward and GM concerning an unrelated disability insurance question, a certificate of completion of the "GM Dale Carnegie Course in Effective Leadership," and his Associate of Arts diploma.

██ Although conspiracy may be inferred from conduct and need not be proved by evidence of an express agreement, Ward's failure to point to any facts probative of a conspiracy entitled the EEOC to summary judgment. *See William Inglis & Sons Baking Co. v. ITT Continental Baking Co.,* 668 F.2d 1014, 1055–56 (9th Cir.1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982). Under these circumstances, Ward could not escape summary judgment simply by relying on his pleadings. *See Fonda,* 707 F.2d at 438 ("The mere fact that a conspiracy is alleged . . . will not defeat an adequately supported motion for summary judgment").

AFFIRMED.