798 F.2d 471
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stella Anne STEMER, Plaintiff-Appellant,
v.
WAYNE COUNTY DEPARTMENT OF HEALTH; and Equal Employment
Opportunity Commission, Defendants-Appellees.
 No. 85-1308.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1986.
 
 Before KEITH and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Stemer appeals pro se from the district court's order dismissing her employment discrimination case. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Stemer was discharged from her job with the Department of Health when she failed to pay her union dues. She filed a charge of discrimination with the EEOC alleging that this action violated Title VII. The EEOC found that it had no jurisdiction over this case which involved only a labor law issue. It issued Stemer a right to sue letter.
 
 
 3
 Stemer then filed the present complaint against the Department of Health and the EEOC, The district court held that it lacked jurisdiction over the EEOC because there is no express or implied cause of action against the EEOC under Title VII. Ward V. EEOC, 719 F.2d 311, 313 (9th Cir. 1983), cert. denied, 466 u.s. 953 (1984); Stewart v. EEOC, 611 F,2d 679, 682 (7th Cir. 1979). See Gillis v. U.S. Dept. of H. & H. Services, 759 F.2d 565, 574 (6th Cir. 1985). We agree with this conclusion of the district court.
 
 
 4
 The district court also held that Stemer had failed to state a claim against the Department of Health. Title VII does not prohibit all arbitrary employment practices, but is directed only at specific impermissible discriminations based on race, religion, sex, or national origin. It does not cover issues such as labor law questions. Garcia v. Gloor, 618 F.2d 264, 269 (5th Cir, 1980), cert. denied, 449 U.S. 1113 (1981). So the district court was also correct to hold that Stemer had failed to state a claim against the Department of Health. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.