990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
F. Farah ETEMAD, Plaintiff-Appellant,
v.
UNITED STATES of America; Equal Employment Opportunity
Commission, Defendants-Appellants.
 No. 92-55735.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 F. Farah Etemad appeals pro se the district court's dismissal for failure to state a claim of her discrimination action against the Equal Employment Opportunity Commission (EEOC) alleging that the EEOC improperly investigated and processed her EEOC charges. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). Our review is limited to the contents of the complaint. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id.
 
 
 4
 Although it is unclear from Etemad's complaint, we presume that she brought the action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. There exists no express or implied cause of action against the EEOC by employees of third parties. Ward v. E.E.O.C., 719 F.2d 311, 313 (9th Cir.1983), cert. denied, 466 U.S. 953 (1984). "Only present or former employees of the EEOC (or applicants for employment) who allege an unlawful employment practice committed by the EEOC as an employer may bring a Title VII action against the EEOC." Id. The private right of action against the third party employer under section 706(f)(1) of Title VII is an adequate remedy for any alleged shortcomings in the EEOC's handling of a plaintiff's charges. Id. at 314.
 
 
 5
 Here, Etemad filed charges with the EEOC alleging that her employer, the State of California Department of Water Resources Control Board, wrongfully dismissed her from her job, and that the State of California Department of Health and Human Services Toxic Substances Control Program retaliated against her for filing a charge against her employer. The EEOC found no cause as to either of these charges and issued Etemad right-to-sue letters. Etemad requested the EEOC to reconsider its decision and requested her investigative file. The EEOC sent Etemad a copy of her file.[1]
 
 
 6
 Etemad filed the present action alleging that the EEOC violated its own internal policies, failed to keep adequate records, and engaged in a conspiracy to misrepresent facts in favor of her employer and to deny her justice due to her national origin. Etemad requested damages and an injunction.
 
 
 7
 There is clearly no basis for an action against the EEOC on Etemad's claims that the EEOC violated its own policies and failed to keep adequate records. See Ward, 719 F.2d at 313-14. Furthermore, even assuming Etemad's conspiracy allegation stated a valid constitutional claim, dismissal for failure to state a claim was proper because Etemad alleged no facts to support the allegation. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir.1986) (mere allegation of conspiracy without factual specificity is insufficient to withstand motion to dismiss); see also Ward, 719 F.2d at 314. Accordingly, the district court did not err by dismissing Etemad's action for failure to state a claim.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Etemad also contends that the EEOC refused to provide her with her complete case file as required by the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a). In order to obtain judicial review of her FOIA request, however, Etemad must exhaust her administrative remedies. See United States v. Steele (In re Steele), 799 F.2d 461, 465 (9th Cir.1986). There is no indication in the record before us that Etemad has complied with procedures set forth in EEOC regulations for obtaining EEOC records. See 5 U.S.C. § 552(a)(1), (2), & (3). Accordingly, we lack jurisdiction to consider Etemad's FOIA claim. See In re Steele, 799 F.2d at 465