29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald F. GARCIA, Plaintiff-Appellant,
v.
INTERNATIONAL REHABILITATION ASSOCIATES; Intracorps; Equal
Employment Opportunity Commission, Defendants-Appellees.
 No. 93-55880.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 25, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald F. Garcia appeals the district court's dismissal of his claim against the EEOC and its grant of summary judgment dismissing his Title VII claim against his former employer, International Rehabilitation Associates, Inc., also known as "Intracorp." We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Intracorp hired Garcia on February 23, 1987 to work part time as a bilingual disability rehabilitation counselor. Intracorp initially terminated Garcia on April 30, 1987. The company asserted that Garcia was terminated for poor performance, including poor writing skills and a lack of fluency in Spanish. Garcia filed a complaint with Intracorp's main office. He stated that he had been sexually harassed by his supervisor and that management had not adequately responded to his earlier complaints. Intracorp reinstated Garcia on June 1, 1987 and assigned him to a new supervisor.
 
 
 4
 The new supervisor soon raised questions about Garcia's skills and job performance. When she asked for permission to check his educational records, Garcia informed her that, contrary to what he had written on his job application, he did not have a degree from a junior college. On June 17, 1987, Intracorp informed Garcia that he was being terminated for making false statements on his employment application.
 
 
 5
 In two complaints filed with the EEOC, Garcia challenged both of his terminations. The EEOC found that Intracorp's verbal warnings to Garcia's first supervisor were not an adequate response to the sexual harassment allegations. Intracorp, the EEOC, and Garcia settled Garcia's complaint regarding his first termination, and the company agreed to compensate Garcia three weeks pay for the time between his first termination and his reinstatement. As for Garcia's second termination, the EEOC found that Intracorp had a legitimate, nondiscriminatory reason to terminate Garcia and that there was no evidence that Intracorp had retaliated against Garcia for coming forward with his sexual harassment complaint.
 
 
 6
 Garcia sought review of the EEOC's findings regarding his second termination. The EEOC issued a right-to-sue notice. On October 17, 1991, Garcia filed a pro se complaint against Intracorp and the EEOC in district court.[1] He alleged that (1) Intracorp had violated Title VII of the Civil Rights Act, 42 U.S.C. Sec. 200e-2 by subjecting him to sexual harassment, unlawful retaliation, and discrimination based on age, national origin and sex; and (2) the EEOC had improperly processed his complaint. The district court dismissed the claim against the EEOC and granted Intracorp summary judgment on Garcia's Title VII claim. Garcia appeals.
 
 II
 
 7
 The district court properly dismissed Garcia's claim against the EEOC. Title VII complainants may not bring a private cause of action against the EEOC for failing to prosecute their claims diligently. "Only present or former employees of the EEOC (or applicants for employment) who allege an unlawful employment practice committed by the EEOC as an employer may bring a Title VII action against the EEOC." Ward v. EEOC, 719 F.2d 311, 313 (9th Cir.1983), cert. denied, 466 U.S. 953 (1984). Complainants who believe the EEOC has negligently processed their claim are not left without a remedy; they may directly sue their employer in federal court. Id. at 314.
 
 
 8
 The district court correctly granted Intracorp summary judgment. An employer may rebut a Title VII claim by articulating a " 'legitimate, nondiscriminatory reason for the employee's' " termination. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981) (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). Once an employer has rebutted the claim, a plaintiff must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Burdine, 450 U.S. at 253; see also Hopkins v. Andaya, 958 F.2d 881, 884-85 (9th Cir.1992) ("[O]nce the ... party [moving for summary judgment] demonstrates the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence sufficient to support a jury verdict in her favor.").
 
 
 9
 Intracorp produced undisputed evidence that Garcia had misrepresented his educational background on his application and that the company routinely dismissed employees who made material misrepresentations on their applications. Thus, Intracorp met its burden of articulating a nondiscriminatory reason for Garcia's termination. Garcia failed to meet his burden of proving that Intracorp's explanation was pretextual. On this record, summary judgment was appropriate.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Intracorp contends that Garcia failed to file his complaint within 90 days of his receipt of the EEOC right-to-sue notice. See Civil Rights Act of 1964, Sec. 706(e), as amended, 42 U.S.C. Sec. 2000e-5(f)(1). Because we uphold the dismissal of Garcia's complaint on other grounds, we need not resolve this issue