**Susan BABA, Plaintiff,**

**v.**

**WARREN MANAGEMENT CONSULTANTS, INC., N.Y. State Division of Human Rights, and U.S. Equal Employment Opportunity Commission, Defendants.**

**No. 94 Civ. 2161 (DAB).**

United States District Court, S.D. New York.

April 13, 1995.

340

Susan Baba, pro se plaintiff.

Paul, Hastings, Janofsky & Walker, New York City (Mark L. Silverman, of counsel), for defendant Warren Management Consultants, Inc.

G. Oliver Koppell, Atty. Gen., of State of N.Y., New York City (Charles F. Sanders, Jeanne Lahiff, of counsel), for defendant New York State Dept. of Human Rights.

Elizabeth M. Thornton, Acting Legal Counsel, E.E.O.C., Washington, DC (Lairold M. Street, James L. Lee, of counsel), for defendant E.E.O.C.

## MEMORANDUM AND ORDER

BATTS, District Judge.

Susan Baba, proceeding pro se, brings this suit under Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, against plaintiff's former employer, Warren Management Consultants ("WMC"), the Equal Employment Opportunity Commission ("EEOC"), and the New York State Division of Human Rights ("DHR").

The EEOC and the DHR move to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1) and (6). Defendant WMC moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated below, the action is dismissed against all three defendants.

## BACKGROUND

Defendant WMC is a domestic corporation based in New York City. (Silverman Aff. ¶ 3.) It engages in the search for, and recruitment of, executive candidates. (Silverman Aff. ¶ 3.) Plaintiff Susan Baba—a resident of New York City—began working for WMC as a researcher in 1986. (Baba Aff. of 8/10/94, ¶ 9.) Baba received fees for her services at a rate of $15 per hour. (Silverman Aff., Ex. 9 (EEOC Charge of Discrimination no. 160922075) [*hereinafter* EEOC Charge].) She received no other benefits from WMC and worked on a free-lance basis. (EEOC Charge.)

On or about November 14, 1989 a dispute developed between WMC and Baba over the amount and quality of work that Baba was performing for WMC. (Baba Statement attached to Complaint ¶ 4; Silverman Aff. ¶ 5.) WMC stopped paying Baba for all work performed from that date forward, and on January 19, 1990, plaintiff stopped working for WMC due to the lack of payment. (EEOC Charge.) Baba claims that she tried to settle her claim for unpaid wages and expenses amicably by going to WMC's office on April 4, 1990. (Baba Statement attached to Complaint ¶ 5.) Plaintiff alleges that rather than settling the matter, she was subjected to sexual harassment by WMC's president, Robert Warren. (Baba Statement attached to Complaint ¶ 5; EEOC Charge.) Specifically, Baba claims that Warren tried to kiss her at the front door of his office. (Baba Statement attached to Complaint ¶ 5; EEOC Charge.)

On May 1, 1990, plaintiff commenced an action in New York City Civil Court to recover her unpaid wages and expenses. (Baba Statement attached to Complaint ¶ 5; Silverman Aff. ¶ 6.) Arbitration was suggested and accepted as an alternative to litigation by both parties. As a result of the arbitration, Baba was awarded $513.86. (Silverman Aff. ¶ 7; Baba Aff. of 8/10/94, ¶ 5.) Unhappy with this result, plaintiff filed a Demand for a Trial De Novo, (Silverman Aff. ¶ 8), which commenced in New York City Civil Court on January 10, 1992, (Silverman Aff. ¶ 10). Baba was again successful in her claim and was awarded $3,007.29 by Judge Paula J. O'Mansky. (Silverman Aff. ¶ 10.)

On February 5, 1992, a general release of all claims as against WMC was executed by the plaintiff. (Baba Aff. of 8/10/94, Ex. E.; Silverman Aff. ¶ 11.) According to WMC, this release was the result of a negotiated settlement to the civil case whereby WMC would forego any appeals of the judgment in return for the general release of all claims by Baba. (Silverman Aff. ¶ 11.) Plaintiff Baba disputes this characterization, (Baba Aff. of 8/10/94, ¶ 10), but the release presented was executed by Baba on February 5, 1992. That same day a satisfaction of judgment was filed with the court. (Silverman Aff. ¶ 11.)

On May 6, 1992, plaintiff filed a complaint of sex discrimination with the EEOC against WMC. (Silverman Aff. ¶ 14.) Baba claims that she was terminated from WMC as a result of her gender and national origin. (EEOC Charge.) Pursuant to 42 U.S.C. § 2000e–5(c), the case was deferred to the DHR for initial determination. (Silverman Aff. ¶ 14.) The DHR held that there was a lack of jurisdiction due to plaintiff's status as an independent contractor, as well as due to the untimely filing of the claim. (Silverman Aff., Ex. 10.) Plaintiff appealed the decision to the EEOC. By letter dated October 27, 1993, the EEOC upheld DHR's ruling without stating specific reasons. (Silverman Aff., Ex. 11.) Plaintiff then filed the instant complaint with this court.

## DISCUSSION

### I. The Action Against the EEOC and DHR

Absent an employment relationship between the EEOC and plaintiff, Title VII does not provide, implicitly or explicitly, a cause of action against the EEOC. *Ward v. Equal Employment Opportunity Comm'n*, 719 F.2d 311, 313 (9th Cir.1983); *Peavey v. Polytechnic Inst. of New York*, 749 F.Supp.

58 (E.D.N.Y.1990), *aff'd,* 940 F.2d 648 (2d Cir.1991).

■■ A plaintiff's remedy for what she considers an insufficient investigation by the EEOC is to bring an action in federal court against her employer.[1] The Ninth Circuit squarely addressed the issue of suit against the EEOC in *Ward,* stating: "To remedy a complainant's dissatisfaction with EEOC inaction, Congress amended Title VII in 1972 to 'allow the person aggrieved to pursue his or her own remedy ... where there is agency inaction, dalliance or dismissal of the charge, or unsatisfactory resolution.' " *Ward v. Equal Employment Opportunity Comm'n,* 719 F.2d, at 313, *quoting* 118 Cong.Rec. 7168 (March 6, 1972). The court further stated: "Implying a cause of action against the EEOC contradicts [the] policy of individual enforcement of equal employment opportunity laws and could dissipate the limited resources of the Commission in fruitless litigation with charging parties." *Id.* Plaintiff has no cause of action against the EEOC under Title VII, and accordingly, the EEOC's motion to dismiss is hereby granted.

Absent any allegation of an employment relationship between the plaintiff and defendant DHR,[2] the question of whether a cause of action exists against the DHR is similarly answered. The Second Circuit has held that no cause of action lies against the DHR for failing to process a complaint in a timely manner. *Polk v. Kramarsky,* 711 F.2d 505 (2d Cir.), *cert. denied,* 464 U.S. 1000, 104 S.Ct. 505, 78 L.Ed.2d 695 (1983). The court reasoned that "Congress recognized, at least implicitly, that state or local procedures might be inadequate or dilatory in their operation. With this recognition in mind, the Equal Opportunity Act may be searched in vain to find provisions that imply a claim for relief for such dilatoriness." *Id.,* at 508.

The same logic applied by the court in *Polk* applies here.

■■ Because the policies excluding the EEOC from actions under Title VII apply equally to the DHR in this instance, we hold that the plaintiff has no cause of action against the DHR. Accordingly, DHR's motion to dismiss is hereby granted.

## II. The Action Against Warren Management Consultants

WMC offers two arguments in support of its motion to dismiss plaintiff's claims. Defendant argues that the claim is barred, first, because plaintiff failed to file her EEOC complaint in a timely manner, and second, because she signed a valid waiver.

■■ In light of the existence of the New York Division of Human Rights, a state agency charged with handling employment discrimination complaints, Title VII provides, at a maximum, 300 days for the filing of plaintiff's complaint with the EEOC. 42 U.S.C. § 2000e–5(e)(1)[3]; *see Equal Employment Opportunity Comm'n v. Commercial Office Products Co.,* 486 U.S. 107, 111–16, 108 S.Ct. 1666, 1669–71, 100 L.Ed.2d 96 (1988). "Title VII's filing requirements are similar to statutes of limitations, and a complainant's failure to meet them bars his civil action in federal court unless the defendant waives the requirements or is estopped from asserting them, or unless the limitations periods were equitably tolled." *Tadros v. Coleman,* 717 F.Supp. 996, 1006 (S.D.N.Y.1989), *aff'd,* 898 F.2d 10 (2d Cir.), *cert. denied,* 498 U.S. 869, 111 S.Ct. 186, 112 L.Ed.2d 149 (1990), *citing Zipes v. TWA, Inc.,* 455 U.S. 385, 392–98, 102 S.Ct. 1127, 1131–35, 71 L.Ed.2d 234 (1982). The limitation period begins to run when the plaintiff knew or should have known of the alleged discriminatory act. *Morse v. Univ.*

1. In *addition to the present claim against the* EEOC, plaintiff Baba has included a claim, discussed *infra,* against her employer in the context of this action.

2. While government enforcement agencies may be held liable under Title VII to their own employees, 42 U.S.C. § 2000e–2(a) to –2(d), plaintiff does not allege she was employed by the DHR.

3. The relevant portion of section 2000e–5(e)(1) provides: "[I]n a case of an unlawful employ-ment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice ..., such charge shall be filed [with the EEOC] by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred...." 42 U.S.C. § 2000e–5(e)(1).

*of Vermont,* 973 F.2d 122, 125 (2d Cir.1992); *Stafford v. Muscogee County Bd. of Ed.,* 688 F.2d 1383, 1387 (11th Cir.1982). Tolling does not occur unless the employee was "actively misled by his employer, he was prevented in some way from exercising his rights, or he asserted his rights in the wrong forum...." *Miller v. Int'l Telephone & Telegraph Corp.,* 755 F.2d 20, 24 (2d Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985).

Plaintiff admits that she ceased working for WMC on January 19, 1990 and has performed no work for them since, (EEOC Charge); however, plaintiff claims not to have been fired from WMC until the end of her civil suit in 1992 when Mr. Warren told plaintiff she *had been* terminated for various performance related reasons. In plaintiff's affidavit submitted in support of her motion to proceed *in forma pauperis,* plaintiff states that she is unemployed and last worked in 1990. (Declaration in Support of Request to Proceed *In Forma Pauperis.*) These two admissions by plaintiff, coupled with her admission that she was paid weekly, (Statement attached to Complt., ¶ 4), make her claim that she was not fired until 1992 legally and factually wrong.

█ Baba stopped performing work for WMC on January 19, 1990 and the alleged kissing incident took place on April 4, 1990; therefore, plaintiff knew or had reason to know of the alleged discriminatory act no later than April 1990, and the 300 day limitations period on her Title VII claims began to run at that point. *See Oshiver v. Levin, Fishbein, Sedran and Berman,* 38 F.3d 1380, 1386 (3d Cir.1994). There being no evidence to demonstrate that she was either actively misled or otherwise prevented by her employer from bringing suit, the filing period for Baba's claims expired sometime near the end of 1990 or in early 1991. The action with the EEOC was not filed until May 6, 1992, at least fifteen months too late. Accordingly, plaintiff's claims against WMC are untimely and must be dismissed.

█ Even assuming a timely filing, defendant WMC offers a second equally dispositive ground in support of its motion to dismiss: a general waiver signed by plaintiff on February 5, 1992.[4] (Baba Aff. of 8/10/94, Ex. E.) Because consideration of the waiver itself and the circumstances surrounding its execution are required to address this contention, defendant's motion on this point is treated as one for summary judgment, pursuant to Fed.R.Civ.Pro. 56. The relevant uncontroverted facts appear from the Complaint, as well as plaintiff's and defendant's affidavits and exhibits.

█ Under Title VII, an individual may validly waive a claim of discrimination so long as the waiver is executed "knowingly and willfully." *Bormann v. AT & T,* 875 F.2d 399, 402 (2d Cir.), *cert. denied,* 493 U.S. 924, 110 S.Ct. 292, 107 L.Ed.2d 272 (1989). The Second Circuit has annunciated several factors useful in determining whether the totality of the circumstances show that a release was executed knowingly and willfully. *Id.* at 403. The factors are:

1) the plaintiff's education and business experience, 2) the amount of time the plaintiff had possession of or access to the agreement before signing it, 3) the role of plaintiff in deciding the terms of the agreement, 4) the clarity of the agreement, 5) whether the plaintiff was represented by or consulted with an attorney, [as well as whether an employer encouraged the employee to consult an attorney and whether the employee had a fair opportunity to do so] and 6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

4. The General Release stated: "Susan Baba as RELEASOR ... releases and discharges Warren Management Consultants, Inc. ... from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR ... ever had, now ha[s] or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE...."

*Laniok v. Advisory Committee,* 935 F.2d 1360, 1368 (2d Cir.1991). These factors are not exhaustive, and it is not necessary that each be satisfied before a release can be enforced. *Id.* The essential question is "whether in the totality of the circumstances, the individual's waiver of his right can be characterized as 'knowing and voluntary'." *Id; Bormann v. AT & T,* 875 F.2d, at 403.

The waiver signed in this case was a general waiver releasing WMC from all claims by Baba. Plaintiff claims that she understood the waiver to apply only to the New York City Civil Court and to further actions in regard to her first suit. (Baba Aff. of 8/10/94, ¶ 10.) Baba also states that she asked for this limitation to be included in the waiver and mailed a letter to this effect to WMC's attorneys. (Baba Aff. of 8/10/94, ¶ 10.) However, the letter Baba attaches as proof of this only requests a correction in the amount of the settlement and mentions nothing about the terms.[5] (Baba Aff. of 8/10/94, Ex. E.) Since the waiver stated that: "This RELEASE may not be changed orally," the alleged conversation that plaintiff referred to can have no effect on its terms. (Baba Aff. of 8/10/94, Ex. E.) Baba presents no other evidence that she misunderstood the document or was deceived as to its reach and effect.

█ Furthermore, plaintiff was represented by a lawyer when she agreed to sign the waiver presently in question. And though it is a standardized waiver that plaintiff had no part in drafting, the release clearly expresses the breadth of the release. Likewise, though she agreed to no increase in her award in return for the release, she did benefit from WMC's failure to appeal the award and the immediate payment of the award. Accordingly, on the totality of the circumstances, we find that the waiver was executed knowingly and willfully.

Either of these arguments would alone suffice to grant WMC's motion against plaintiff. Plaintiff offered little to contradict the arguments except to restate her claims and offer other general denials. Plaintiff's claims as against WMC are dismissed for failure to file within the 300 day time period set by statute. Additionally, summary judgment is granted in favor of WMC on all claims because plaintiff signed a valid waiver, sufficient to release WMC from the present claim.

### CONCLUSION

There being no basis for this action to proceed against defendants EEOC or DHR, the motions of both to dismiss the Complaint are hereby granted.

The claims against WMC being time barred and validly waived, there is likewise no basis for this action to proceed against this defendant either; accordingly, the action against defendant WMC is hereby dismissed as well.

The Clerk of the Court is directed to dismiss the Complaint as to all defendants without costs to any party.

SO ORDERED.

---

5. The letter stated, in relevant part: "Please make corrections of the amount of the judgment stating as '3,000.29' and the date stating as 'April' by Mr. Lanza."