Tom CLEARY, Plaintiff–Appellant,

v.

Bert KLAPHOLTZ, Stenotype Academy, Defendants,

New York State Division of Human Rights, Equal Employment Opportunity Commission, New York City Commission on Human Rights, Defendants–Appellees.

Docket No. 02–6036.

United States Court of Appeals, Second Circuit.

Nov. 1, 2002.

Tom Cleary, pro se, for Plaintiff–Appellant.

Kathleen Alberton, Assistant Corporation Counsel, New York, NY, Julie L. Gantz, Staff Attorney, Washington, DC, Allison Penn, Assistant Solicitor General, New York, NY, for Defendants–Appellees.

Present McLAUGHLIN and POOLER, Circuit Judges, and JONES, District Judge.*

**SUMMARY ORDER**

Appeal from judgment of the United States District Court for the Southern District of New York (Lawrence M. McKenna,

---

* The Honorable Barbara S. Jones, United States District Judge for the Southern District

of New York, sitting by designation.

*Judge* ) dismissing Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1985(3), and the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff–Appellant Tom Cleary, formerly a teacher at Stenotype Academy, filed a complaint December 29, 2000, alleging that his co-worker, Defendant Bert Klapholtz, made "derogatory and defamatory" comments about Cleary's Irish national origin. Cleary alleged that, despite his complaints, Stenotype Academy never disciplined Klapholtz. Cleary also alleged that Stenotype Academy retaliated against him. Cleary's amended complaint asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1985(3), but the district court also considered the complaint to the extent it may have asserted claims under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

On January 22, 2002, the district court dismissed: 1) the Title VII claims against Bert Klapholtz, the Equal Opportunity Employment Commission ("EEOC"), the New York State Division of Human Rights ("DHR"), and the New York City Commission on Human Rights ("CHR") because they were not Cleary's employer; 2) the Title VII claims against Stenotype Academy, as well as all claims under 42 U.S.C. § 1985(3), as untimely; and 3) the claims, if any, under the Federal Tort Claims Act because Cleary failed to demonstrate that he had exhausted his administrative remedies prior to filing suit. Accordingly, the district court also denied Cleary's motion to issue new summonses to the EEOC, Klapholtz, and Stenotype Academy. Cleary now appeals the district court's judgment, arguing that: 1) his Title VII

claims against Klapholtz, the EEOC, the DHR, and the CHR are not barred as a matter of law because they acted in collusion with his employer, subjecting them to liability under Title VII; 2) his Title VII claims against Stenotype Academy and his claims under 42 U.S.C. § 1985(3) were not untimely because the CHR sent the results of its investigation to his New York City address when he was in Ireland; and 3) he exhausted his administrative remedies prior to asserting claims under the Federal Tort Claims Act.

We affirm the district court's judgment. The district court properly dismissed Cleary's Title VII claims against Klapholtz, the EEOC, the DHR, and the CHR because a plaintiff may only assert Title VII claims against his employer. *Kern v. City of Rochester*, 93 F.3d 38, 45 (2d Cir. 1996). Title VII does not grant either an express or an implied right to file suit against administrative agencies. *See Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5–6 (2d Cir.1997); *Baba v. Warren Mgmt. Consultants, Inc.*, 882 F.Supp. 339, 341–42 (S.D.N.Y.1995) (citing *Ward v. EEOC*, 719 F.2d 311, 313 (9th Cir.1983)). Moreover, Cleary's Title VII claim against Stenotype Academy was untimely because he failed to file his suit within 90 days of July 21, 1993, when the EEOC issued a "right to sue" letter.

The district court also properly dismissed as untimely Cleary's claims under 42 U.S.C. § 1985(3). Equitable tolling of the statute of limitations is not available, because Cleary makes only a conclusory allegation that the CHR intentionally concealed the results of its investigation by mailing them to his New York City address while he was in Ireland. Even if Cleary could demonstrate that the statute of limitations should be tolled for over one year, neither his original complaint nor his amended complaint alleged sufficient facts in support of his allegations that defen-

dants conspired to violate his civil rights. Finally, Cleary's amended complaint asserted no claims under the Federal Tort Claims Act. Regardless, Cleary has not demonstrated or alleged that he exhausted his administrative remedies, as required before bringing claims under the Federal Tort Claims Act. *See Maunsell v. Greenspan,* No. 97–6131, 1998 WL 279444, at *2 (2d Cir. May 11, 1998).

Based upon the foregoing, the judgment of the United States District Court for the Southern District of New York is **AFFIRMED.**