**D. Karl HUMBARGER, Plaintiff—Appellant,**

v.

**EQUAL EMPLOYMENT OPPORTU-NITY COMMISSION; et al., De-fendants—Appellees.**

No. 05–15552.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2006.*

Decided Aug. 3, 2006.

D. Karl Humbarger, San Jose, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Katherine B. Dowling, AUS, USSF–Office of the U.S. Attorney, San Francisco, CA, for Defendants–Appellees.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

D. Carl Humbarger appeals pro se from the district court's grant of summary judgment to the Equal Employment Opportunity Commission ("EEOC"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court reviewed a declaration from the EEOC and examined the documents in camera, and thus had an adequate factual basis for its decision to exempt two EEOC investigative memoranda from disclosure under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522(b)(5). *See Lion Raisins Inc. v. U.S. Dept. of Agric.,* 354 F.3d 1072, 1078 (9th Cir.2004). The declaration explained that the memoranda were predecisional and part of the agency's deliberative process, so that their disclosure would expose the EEOC's decision-making process and inhibit the agency's ability to perform its function. The district court did not clearly err in concluding that the FOIA exemption applied because "disclosure of the requested information would reveal [some]thing about the agency's decisional process." *Id.* (quotations omitted).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The district court properly dismissed the claims under 42 U.S.C. § 1983 against the EEOC and individual EEOC employees. There is no express or implied cause of action against the EEOC or its employees by the employee of a third party who is unhappy with the EEOC's processing of his claim. *See Ward v. EEOC*, 719 F.2d 311, 313–14 (9th Cir.1983). Humbarger therefore failed to state a claim against those defendants.

The district court did not abuse its discretion in denying Humbarger's second motion to amend his complaint. Humbarger sought to amend to add a *Bivens* claim against individual employees, but his claim was against the employees in their official capacities, and as discussed directly above there is no right of action against EEOC employees when a plaintiff is unhappy with the agency's processing of his complaint. Further, Humbarger did not have standing to assert a Fifth Amendment claim against the employees, because even if he was injured by his loss of back pay, he could not show that if the agency had produced two additional memoranda his employers would have settled or a jury would have found for Humbarger, and that he would therefore have received back pay. *See Allen v. Wright*, 468 U.S. 737, 757, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) (where government conduct is challenged as unlawful, unless plaintiff can show injury fairly traceable to the conduct there is no standing).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).