**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELLAMAE MYERS-DESCO,
an individual,

 Plaintiff - Appellant,

 v.

LOWE'S HIW, INC., DBA Lowe's,

 Defendant - Appellee.

No. 11-16119

D.C. No. 2:10-cv-01746-RLH-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted March 19, 2012
Las Vegas, Nevada

Before: CLIFTON, BYBEE, and N.R. SMITH, Circuit Judges.

 EllaMae Myers-Desco appeals the dismissal of her Title VII and state law

discrimination claims for failure to exhaust administrative remedies and the

dismissal of her negligent infliction of emotional distress ("NIED") claim for

_____

 [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

failure to state a claim.  We reverse and remand as to the discrimination claims and affirm the dismissal of the claim for negligent infliction of emotional distress.

Myers-Desco satisfied the two established prerequisites for exhausting administrative remedies prior to initiating a lawsuit for Title VII claims, namely, filing a timely charge and acting upon a notice of right to sue.  Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974).  The Equal Employment Opportunity Commission ("EEOC") charge was timely, because the date of Myers-Desco's termination from Lowe's was within the 300-day window.  Despite the failure to expressly delineate her termination as an act of discrimination, her termination is reasonably related to the stated allegations of discrimination in the charge such that an investigation by the Nevada Equal Rights Commission ("NERC") or the EEOC would have included an investigation of the circumstances of her termination.  See EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994).  The charge is thus timely as to Myers-Desco's termination and any other claims with alleged component acts of discrimination that occurred within the 300-day period preceding the date of her charge.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002).

Myers-Desco requested and received a notice of right to sue and acted on the notice in a timely fashion.  She did not add the Title VII and state law

2

discrimination claims to her complaint until after receiving the notice of right to sue, but she did add them within the ninety-day period after receiving the notice. Despite the arguments made by Lowe's to the contrary, the decision by NERC and EEOC to forego any investigation has no impact on whether Myers-Desco exhausted her administrative remedies. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099-1100 (9th Cir. 2002); see also Nev. Admin Code § 233.220; Ward v. EEOC, 719 F.2d 311, 313 (9th Cir. 1983). Myers-Desco's Title VII claims were thus properly alleged in the district court.

We thus reverse the dismissal of the Title VII and state law discrimination claims and remand to the district court for further proceedings on those claims.

As for the claim for negligent infliction of emotional distress, the district court properly dismissed the claim because it is not cognizable under Nevada law. Despite Myers-Desco's contentions to the contrary, the Nevada Supreme Court's decision in Boorman v. Nevada Memorial Cremation Society, Inc., 236 P.3d 4 (Nev. 2010), was expressly limited to "causes of action for the alleged negligent handling of a deceased person's remains." Id. at 5. The Nevada Supreme Court never mentioned the term "NIED" or "negligent infliction of emotional distress" in the Boorman decision, and the opinion was specifically tailored to answer the detailed questions certified to the court.

3

Thus, the district court was correct that controlling Nevada law allows only bystander witnesses to an accident to recover for an NIED claim, and "the witness-plaintiff must prove that he or she (1) was located near the scene; (2) was emotionally injured by the contemporaneous sensory observance of the accident; and (3) was closely related to the victim." Grotts v. Zahner, 989 P.2d 415, 416 (Nev. 1999). Myers-Desco does not assert that she was a witness to anything and instead alleges that the basis for her NIED claim is the direct behavior of Lowe's towards her and also Lowe's allowing its agents to discriminate against her. This conduct cannot serve as a basis for an NIED claim under Nevada law.

We thus affirm the dismissal of Myers-Desco's claim for negligent infliction of emotional distress.

The parties shall bear their own costs of appeal.

**REVERSED AND REMANDED IN PART, AFFIRMED IN PART.**