FILED

**NOT FOR PUBLICATION**

JUL 17 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

MARK SUPANICH, a single man
individually and as guardian for S.S., a
minor child,

        Plaintiff - Appellant,

 v.

KEVIN RUNDLE,

        Defendant,

  and

SANDY PEDIGO, a single woman; et al.,

        Defendants - Appellees.

</td><td>

No. 10-36186

D.C. No. 3:10-cv-05008-RBL

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mark Supanich appeals pro se from the district court's orders dismissing his 42 U.S.C. § 1983 action alleging that the defendants conspired to violate his constitutional rights in state child custody proceedings. We have jurisdiction under 28 U.S.C. § 1291, and review de novo. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003); *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 881 (9th Cir. 2011). We may affirm on any ground supported by the record. *Nw. Envtl. Def. Ctr. v. Brown*, 617 F.3d 1176, 1192 (9th Cir. 2010). We affirm.

The claims against Nelson and Rundle were properly dismissed, because Supanich has not identified any deprivation of constitutional rights he suffered due to Nelson and Rundle's alleged conspiracy. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (the dismissal of a complaint may be based upon the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam) (dissatisfaction with legal proceedings and conclusory allegations that attorneys, judges, and others conspired against plaintiff in those proceedings are insufficient to state a claim under § 1983).

Summary judgment as to the claims against Kay and Pegido was proper because Supanich failed to introduce evidence showing there is a genuine dispute of material fact as to whether they conspired to violate his constitutional rights.

*See Ward v. EEOC*, 719 F.2d 311, 314 (9th Cir. 1983) (to survive summary judgment on a conspiracy claim, plaintiff must show evidence of a connection or agreement between the defendants).

The district court did not abuse its discretion by resolving Pegido and Kay's motions for summary judgment before the discovery period had closed, because Supanich has not explained below or on appeal what facts he would have discovered with additional time, nor how the information sought would preclude summary judgment. *See Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) ("The burden is on the nonmoving party . . . to show what material facts would be discovered that would preclude summary judgment.").

**AFFIRMED.**