FILED

NOT FOR PUBLICATION

NOV 20 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RONNIE L. JENKINS,

　　　　　Plaintiff - Appellant,

　v.

INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION; et al.,

　　　　　Defendants - Appellees.

No. 11-35619

D.C. No. 2:11-cv-00779-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted November 13, 2012[**]

Before:　　CANBY, TROTT, and W. FLETCHER, Circuit Judges.

　　Ronnie L. Jenkins appeals pro se from the district court's judgment

dismissing his employment action alleging race discrimination in violation of 42

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument, and therefore, denies Jenkins's request for oral argument.
See Fed. R. App. P. 34(a)(2).

U.S.C. § 1981. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of an action for failure to state a claim and on the basis of the doctrine res judicata. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005) (failure to state a claim); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (res judicata). We affirm.

The district court properly dismissed Jenkins's action with respect to the Equal Employment Opportunity Commission ("EEOC") because Jenkins failed to allege any claim against the EEOC. *See Knievel,* 393 F.3d at 1072. Nor could Jenkins allege a cognizable Title VII claim against the EEOC based on his dissatisfaction with the processing of his claim. *See Ward v. EEOC*, 719 F.3d 311, 313-14 (9th Cir. 1983) (employee who is dissatisfied with the EEOC's processing of his claim cannot sue EEOC under Title VII).

The district court properly dismissed Jenkins's action with respect to the remaining defendants because Jenkins raised, or could have raised, the same claims against these defendants or their privies in two prior lawsuits that were decided on the merits. *See Stewart*, 297 F.3d at 956 (elements of the doctrine of res judicata).

**AFFIRMED.**