NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAURA LESKINEN, | No. 19-17390 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00453-TLN-KJN |
| v. | |
| SONNY PERDUE, in his official capacity as the Secretary of the USDA, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| UNITED STATES DEPARTMENT OF AGRICULTURE; CHRISTINE MESSER; CURT STOCK, | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 25, 2020**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.

Laura Leskinen appeals from the district court's grant of summary judgment in favor of the Secretary of Agriculture.  Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

The district court correctly granted summary judgment against Leskinen's sexual harassment claims.

A

Leskinen cannot prevail on her claim for quid pro quo sexual harassment because she has not identified any tangible employment action that Stock allegedly took against her as a result of her rejection of his alleged sexual advances.  *See Craig v. M&O Agencies, Inc.*, 496 F.3d 1047, 1054 (9th Cir. 2007); *Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1169–71 (9th Cir. 2003).

B

Leskinen cannot prevail on her hostile work environment claim because she has not alleged instances of "conduct that [were] sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment." *Campbell v. Haw. Dep't of Educ.*, 892 F.3d 1005, 1016 (9th Cir. 2018) (internal quotation marks and alteration omitted); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (holding that, to be actionable, the

alleged conduct "must be extreme" and "the sporadic use of abusive language, gender-related jokes, and occasional teasing" are not enough (internal quotation marks omitted)).

C

To the extent that Leskinen challenges the denial of a supposed "disparate treatment" claim on its merits, any such claim fails because she does not allege that "similarly situated individuals outside her protected class were treated more favorably," *Campbell*, 892 F.3d at 1012, apart from her other harassment claims discussed above.

II

The district court also correctly granted summary judgment on Leskinen's retaliation claim.

Even assuming that Leskinen has established a prima facie claim of retaliation, the Secretary has produced evidence of a legitimate, non-retaliatory reason for her termination: by failing to remain at least a half-time student at her college, Leskinen was simply ineligible to continue participating in the Pathways program. *See* 5 C.F.R. §§ 362.202, 362.203(b). The record evidence supports the conclusion that Messer had begun to consider whether Leskinen needed to be terminated for this reason *before* she received Leskinen's "No Fear Letter."

The burden thus shifts to Leskinen to show that the stated justification is pretextual. *See Campbell*, 892 F.3d at 1022. Summary judgment was appropriate because Leskinen failed to identify evidence in the record that could reasonably do so. *See id.* at 1022–23. Contrary to Leskinen's assertions, the record does not reasonably support the conclusion that her supervisors had given their approval for her to drop below half-time status at her college or that they had promised to promote her out of the internship program once she completed 640 hours of work.[1] Further, Leskinen's mere "den[ial of] the credibility of the employer's proffered reasons is insufficient to withstand summary judgment." *Munoz v. Mabus*, 630 F.3d 856, 865 (9th Cir. 2010).

## III

None of Leskinen's procedural or evidentiary objections merits reversal.

## A

Leskinen's argument that the practice of assigning pro se cases to magistrate judges violates the Equal Protection Clause fails because she does has not identified any authority to suggest that pro se plaintiffs are a suspect class, and the decision to refer such matters to magistrate judges is rationally related to the

---

[1] We also note that, contrary to the suggestion in her briefing on appeal, Leskinen has not pled a claim for a breach of contract based on this supposed "pre-employment agreement" to promote her.

court's legitimate interest in efficient docket management. *See, e.g.*, *Pena v. Lindley*, 898 F.3d 969, 986 (9th Cir. 2018).

B

Leskinen's argument that the magistrate judge should have been disqualified for bias fails because she has not identified a pattern of conduct during the litigation that would "reveal such a high degree of favoritism or antagonism as to make fair judgment [by the magistrate judge] impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also id.* ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

C

The district court did not abuse its discretion in denying Leskinen's request for discovery because the court accepted Leskinen's factual allegations as true— including those where she disputed the claims of key witnesses—and thus Leskinen's hope generally to corroborate such allegations would not have affected the court's analysis of the merits of her claims. *See, e.g.*, *Sec. & Exch. Comm'n v. Stein*, 906 F.3d, 833 (9th Cir. 2018) (affirming denial of continuance to pursue discovery where movant "did not explain how additional facts would preclude summary judgment"); *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996) (affirming denial of additional discovery where plaintiff "listed a number of facts that, even if established, would not have

5

precluded summary judgment"). Further, Leskinen's hope to depose witnesses so that they might contradict their own declarations is not enough to demonstrate that summary judgment was premature. *See Cont'l Mar. of S.F., Inc. v. Pac. Coast Metal Trades Dist. Council*, 817 F.2d 1391, 1395 (9th Cir. 1987).

D

To the extent Leskinen means to challenge the district court's decision overruling several evidentiary objections she raised to the magistrate judge's report and recommendation, such challenge fails.

First, Leskinen's reference to evidence regarding the timing of her termination does not alter the court's conclusion on her retaliation claim, because such evidence simply supports her prima facie case for retaliation but does not reasonably show that the Department's stated rationale for her termination was pretextual.

Second, the magistrate judge's supposed failure to strike the declaration of attorney Joseph Frueh is immaterial because both the magistrate judge and the district court afforded the declaration no weight.

Finally, Leskinen's reference to evidence relating to the administrative investigation or other actions that occurred after she was terminated are irrelevant to her claims regarding her treatment during her time with the Department, and Leskinen has not alleged a cause of action based on the supposed inadequacy of

6

the investigation itself—nor could she under Title VII, *see Ward v. Equal Emp't Opportunity Comm'n*, 719 F.2d 311, 313 (9th Cir. 1983).

**AFFIRMED.**