**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 1 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEX BILBREW, | No. 20-55557 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-10064-CJC-KS |
| v. | |
| LOUIS DEJOY, Postmaster General of the United States, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted June 21, 2021[**]

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Alex Bilbrew appeals pro se from the district court judgment dismissing his action alleging federal employment claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Doughtery v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011). We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly dismissed Bilbrew's action under Title VII and the Rehabilitation Act, as well as Bilbrew's claims regarding the Equal Employment Opportunity Commission ("EEOC"), because Bilbrew failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062, 1064 (9th Cir. 2002) (setting forth elements of prima facie cases of discrimination and retaliation under Title VII); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (setting forth elements of a prima facie case under the Rehabilitation Act); *Ward v. EEOC*, 719 F.2d 311, 313-14 (9th Cir. 1983) (no express or implied cause of action against the EEOC due to an adverse decision by the EEOC).

The district court did not abuse its discretion in dismissing without leave to amend because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile").

**AFFIRMED.**