**Robert STEWART et al., Plaintiffs,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION et al., Defendants.**

**No. 75 C 4069.**

United States District Court, N. D. Illinois, E. D.

Aug. 9, 1976.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter is before the Court on two motions: (1) defendants' motion to dismiss and (2) plaintiffs' motion for class certification.

Plaintiffs are seeking declaratory and injunctive relief for alleged violations of rights guaranteed by the Equal Employment Opportunity Act, 42 U.S.C. §§ 2000e *et seq.* (the "Act"), the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq.* (the "A.P.A."), and the Fifth Amendment of the United States Constitution.

Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1343(4), 1337, 1361, 2201, 2202 and 5 U.S.C. §§ 701 *et seq.*

## STATEMENT OF FACTS

Plaintiffs are various individuals and organizations seeking a declaration that defendants' failure to act upon charges filed with the Chicago District Office of the Equal Employment Opportunity Commission ("EEOC") and to make timely reasonable cause determinations is in violation of Section 2000e–5(b) of the Act, the A.P.A. and the Fifth Amendment. 42 U.S.C. § 2000e–5(b) states that:

Whenever a charge is filed by or on behalf of a person claiming to be aggrieved . . . alleging . . . an unlawful employment practice, the Commission shall serve a notice of the charge [to the respondent] within ten days, and shall make an investigation thereof. . . . *The Commission shall make its determination on reasonable cause as promptly as*

*possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge . . . . .* (emphasis added)

Plaintiffs also seek a positive injunction to expedite the process of investigation and determination of reasonable cause as required by the Act and the A.P.A.

Plaintiffs Stewart, Cruz, Harris and Women Employed specifically allege that they have filed charges of employment discrimination with the EEOC, but that those charges have remained uninvestigated, unprocessed and without a reasonable cause determination for periods from one to over two years. Two additional plaintiffs, People United to Save Humanity and the Association for Workers' Rights, allege that the long delays adversely affect their efforts to combat employment discrimination.

## MOTION TO DISMISS

Defendants move to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted. Rules 12(b)(1) and (6), Federal Rules of Civil Procedure.

Defendants first argue that this Court lacks subject matter jurisdiction of plaintiffs' claims. Plaintiffs respond that they have cited several independent grounds for jurisdiction, any one of which confer jurisdiction. This Court agrees.

■ .In *Sanders v. Weinberger*, 522 F.2d 1167 (7th Cir. 1975) the Seventh Circuit held that the A.P.A. contains an independent grant of subject-matter jurisdiction to the district court. Because plaintiffs need only one independent ground for jurisdiction, defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

Defendants next argue that even if jurisdiction exists and even if plaintiffs have stated valid claims upon which relief can be granted, the complaint must be dismissed because it is barred by the doctrine of sovereign immunity. This Court disagrees.

■ The doctrine of sovereign immunity does not preclude actions alleging that federal officials acted beyond, or in conflict with, their statutory powers. *Larson v. Domestic & Foreign Commerce Corporation*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). In their complaint plaintiffs have stated a claim which could entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Whether plaintiffs' charges are true, and if so, which remedies would be appropriate, are decisions to be made on the merits and are not properly before this Court. Therefore, plaintiffs' action is not precluded because of sovereign immunity.

■ Defendants also claim this action is non-justiciable as a political question because the Court would have to question EEOC procedures and make administrative decisions. *Baker v. Carr*, 369 U.S. 186, 217, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962).

In *Chromcraft Corporation v. United States Equal Employment Opportunity Commission*, 465 F.2d 745 (5th Cir. 1972), the Fifth Circuit suggested that the A.P.A. judicial review provision should be used in situations in which the party has made a showing that (1) agency action has been unreasonably delayed, and (2) agency delay has been prejudicial.

Plaintiffs have made such a showing in this case. Therefore, this Court is of the opinion that the subject matter of this action is appropriate for judicial consideration.

Accordingly, defendants' motion to dismiss is denied.

## MOTION FOR CLASS CERTIFICATION

■ The named plaintiffs move for certification of the class pursuant to Rule 23, Federal Rules of Civil Procedure.

In order to maintain a class action, plaintiffs must satisfy the requirements of Rule 23(a) and (b). The Court must find:

1. that the class is so numerous that joinder of all members would be impracticable;

2. that there are questions of law and fact common to the class;

3. that the claims of the representative parties are typical of the claims of the class; and

4. that the representative parties will fairly and adequately protect the interests of the class.

The plaintiff class meets these requirements. This Court additionally finds that prosecution of separate actions by individual members of the plaintiff class would create a risk of inconsistent adjudications with respect to those members of the class. Such inconsistent rulings would establish inconsistent standards of conduct for defendants. This Court also finds that defendants have acted on grounds generally applicable to all members of plaintiff class.

Accordingly, plaintiff class is certified and defined as follows:

The class consists of all persons or groups who have or will have pending charges of employment discrimination before the Chicago District Office of the EEOC where the EEOC has failed or will fail to make reasonable cause determinations "as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of [charges]."