Robert STEWART and Rene Harris, on behalf of themselves and all other persons similarly situated, Women Employed, and Association For Worker's Rights, an Illinois Not for Profit Corporation, Plaintiffs-Appellants,

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Elenor Holmes Norton, individually and in her official capacity as Chairman of the Equal Employment Opportunity Commission, Ethel B. Walsh, individually and in her official capacity as Vice-Chairman and Member of the Equal Employment Opportunity Commission, Colston A. Lewis, individually and in his official capacity as a member of the Equal Employment Opportunity Commission, Raymond C. Telles, individually and in his official capacity as a member of the Equal Employment Opportunity Commission, and Martin Slade, individually and in his official capacity as District Director of the Equal Employment Opportunity Commission, Defendants-Appellees.

No. 78–2054.

United States Court of Appeals, Seventh Circuit.

Argued April 2, 1979.

Decided Dec. 28, 1979.

Rehearing and Rehearing In Banc Denied March 11, 1980.

---

**6.** 18 U.S.C. Appendix, Sec. 1–8.

Robert Masur, Legal Assistance Foundation, Chicago, Ill., for plaintiffs-appellants.

Francine K. Weiss, Equal Employment Opportunity Commission, Washington, D. C., for defendants-appellees.

Before SPRECHER and BAUER, Circuit Judges, and HOFFMAN,* Senior District Judge.

WALTER E. HOFFMAN, Senior District Judge:

This action was initiated on December 1, 1975 by plaintiff-appellants, Stewart and Harris, on behalf of themselves and others similarly situated within the Chicago District Office of the Equal Employment Opportunity Commission (hereafter EEOC).[1] Plaintiffs sought declaratory and injunctive relief in the district court, alleging that the EEOC had failed to act on charges which plaintiffs had filed in the Chicago office and that the EEOC failed to make timely reasonable cause determinations on those charges. Plaintiffs cite violations under Title VII of the Civil Rights Act of 1972, 42 U.S.C. §§ 2000e, et seq. (hereafter the Act), the Administrative Procedure Act, 5 U.S.C. §§ 551, et seq. (hereafter APA), and the Fifth Amendment to the United States Constitution.[2] On cross-motions for summary judgment the district court denied all relief to plaintiffs and granted defendants'

---

* The Honorable Walter E. Hoffman, Senior United States District Judge, Eastern District of Virginia, sitting by designation.

1. The group plaintiff is the Association for Worker's Rights whose purpose is to oppose discrimination in employment against persons, including its own members, who are of Latin-American origin. The original complaint included two other group plaintiffs. People United to Save Humanity (PUSH) and Women Employed. PUSH was dismissed as a party plaintiff when it did not answer certain interrogatories, and Women Employed chose not to appeal.

2. As appellants' due process claim is without any basis as being clearly violated, or clearly determinable constitutional rights, and is further not in issue on this appeal, it will not be discussed herein.

motion for summary judgment.[3] Plaintiffs appealed and, for the reasons set forth below, we affirm.

## I

In 1972 Congress amended the Civil Rights Act of 1964 with newly designed provisions of the Equal Employment Opportunity Act.[4] The right established in Title VII and in the Equal Employment Opportunity Act is "the right to be free of discrimination," *Hall v. Equal Employment Opportunity Com'n,* 456 F.Supp. 695 (N.D.Cal. 1978), and "Congress established an integrated, multistep enforcement procedure culminating in the EEOC's authority to bring a civil action in a federal court," *Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977); *Burlington Northern, Inc. v. Equal Employment, etc.,* 582 F.2d 1097 (7th Cir. 1978), in an effort to satisfactorily overcome administrative delay and satisfy this Title VII right.

Plaintiffs allege that the EEOC failed to meet the enforcement procedures required by the Act[5] when, subsequent to the filing of employment discrimination charges, the Chicago office neglected these charges by allowing them to remain uninvestigated, unprocessed, and without reasonable cause determinations for one to more than two years. The Association for Worker's Rights alleges that the long delays adversely affected their efforts to combat employment discrimination.

The principal issue before us is whether this failure to make reasonable cause determinations within 120 days of the original charge[6] constitutes an actionable wrong under the Act, the APA, or the Fifth Amendment. We find, as did the district court, that no such actionable wrong has been committed by the EEOC and that plaintiff's claims, though not without some basis in fact,[7] are nonetheless without merit on this appeal. The Equal Employment Opportunity Act provides in pertinent part, 42 U.S.C. § 2000e–5(b), that:

> [T]he Commission shall serve a notice of the charge [to the respondent] . . . within ten days, and shall make an investigation thereof. . . . The Commission shall make its determination on reasonable cause as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge . . . . .

And, at § 2000e–5(f)(1), that:

> If a charge filed with the Commission . . . is dismissed . . . or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference . . ., whichever is later, the Commission has not filed a civil action under this section . . . ., or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if

---

3. 431 F.Supp. 47 (N.D.Ill.1976), contains an abbreviated discussion of the allegations and rulings on the motion to dismiss and class certification.

4. Pub.L. 92–261, 86 Stat. 103, 42 U.S.C. § 2000e, et seq., (1970 ed. Supp. V), amending Civil Rights Act of 1964, 78 Stat. 253. All subsequent citations to Title VII in this opinion are to the 1964 Act as amended.

5. Sec. 706(b), 42 U.S.C. § 2000e–5(b) (1970 ed. Supp. V).

6. While the parties do not agree on the reasons for defendants' delay in processing charges of discrimination, the parties agree that there are processing delays in the Chicago District Office.

7. Although the individual claims herein have since been processed by the Chicago District Office of the EEOC under a new procedure called rapid charge processing, which appellees claim has been 42% effective in processing new charges received in the Chicago office after September 23, 1977, within the 120 day statutory period; and which has further disposed of 52% of its backlog, this claim is not mooted by such developments as some members of the class have still not had their charges processed.

such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the unlawful employment practice.

In *Occidental Life, supra,* 432 U.S. at 361, 97 S.Ct. at 2452, the Supreme Court in holding that the above provision (the 180-day limitation) was not a statute of limitations on EEOC enforcement suits, spoke directly to the purpose of this section:[8]

Rather than limiting action by the EEOC, the provision seems clearly addressed to an alternative enforcement procedure: If a complainant is dissatisfied with the progress the EEOC is making on his or her charge of employment discrimination, he or she may elect to circumvent the EEOC procedures and seek relief through a private enforcement action in a district court. The 180-day limitation provides only that this private right of action does not arise until 180 days after a charge has been filed.

Appellants argue, however, that such a provision should not act as a bar to their "implied cause of action" against the EEOC should the latter fail to handle charges of employer discrimination "as promptly as possible and, so far as practicable." In light of the claimants' right to maintain an action in a federal court via private enforcement, appellants' argument fails.[9]

The legislative history of Title VII and of the 1972 amendments reveal clearly that Congress was not only aware of the backlog and "administrative quagmire" in many EEOC offices, but that Congress wanted to provide avenues of relief to avoid such processing delay.[10] Had Congress intended a remedy of enforcement against the EEOC, the provisions of § 2000e would have so indicated.

After the final Senate vote the House and Senate bills were sent to a Conference Committee. An analysis presented to the Senate with the Conference Report provides the final and conclusive confir-

mation of the meaning of § 706(f)(1), [42 U.S.C. § 2000e–5(f)(1)]:

"The retention of the private right of action, as amended, . . . is designed to make sure that the person aggrieved does not have to endure lengthy delays if the Commission . . does not act with due diligence and speed. Accordingly, the provisions . . . allow the person aggrieved to elect to pursue his or her own remedy under this title in the courts where there is agency inaction, dalliance or dismissal of the charge, or unsatisfactory resolution.

"It is hoped that recourse to the private lawsuit will be the exception and not the rule, and that the vast majority of complaints will be handled through the offices of the EEOC. . . . However, as the individual's rights to redress are paramount under the provisions of Title VII it is necessary that all avenues be left open for quick and effective relief."

*Occidental Life, supra,* at 365–6, 97 S.Ct. at 2454.

We feel that the Supreme Court's analysis in *Occidental,* and the recent cases confirming the interpretation of § 706(f)(1), are dispositive of appellants' claims under Title VII.

## II

■ Appellants seek to bring the EEOC under the provisions of the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.,* which provides in pertinent part:

"[A]gency action" includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act. 5 U.S.C. § 551(13).

Agency action made reviewable by statute and *final agency action for which there is no other adequate remedy in a*

---

8. 42 U.S.C. § 2000e–5(f)(1).

9. *Occidental Life, supra,* at 364–5, 97 S.Ct. 2447.

10. H.R. 1746, 92d Congress, 1st Sess., reprinted in H.R.Rep.No.92–238, p. 12, U.S.Code Cong. & Admin.News 1972, p. 2137.

*court* are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. [emphasis added] 5 U.S.C. § 704.

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1) [C]ompel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. §§ 706 and 706(1).

Once again, the Supreme Court spoke in conclusive terms as to the applicability of the APA, *ITT v. Electrical Workers,* 419 U.S. 428, 443, 95 S.Ct. 600, 610, 42 L.Ed.2d 558 (1975), when agency action, there the National Labor Relations Board, is challenged by a claimant or charging party:

> In a tautological sense, of course, the Board's determination in a § 10(k) [National Labor Relations Act] is a "final disposition" of *that* proceeding, but we think that when Congress defined "order" in terms of a "final disposition," it required that "final disposition" to have some determinate consequences for the party to the proceeding. . . . As the Attorney General's Manual on the Administrative Procedure Act 40 (1947) observed: "[I]nvestigatory proceedings, no matter how formal which do not lead to the issuance of an order containing the element of final disposition as required by definition, do not constitute adjudication."

We find no merit to appellants' claim that the inaction of the EEOC is reviewable by the courts, even though these actions cannot bind the parties thereto. This argument is based on the premise that such action, or inaction as is claimed here, can cause hardship to the parties. To bring the EEOC under the provisions of the APA solely on the grounds of alleged hardship is not only without the realm of this court, but a remedy clearly within the province of the individual's right to *de novo* action in a federal court. Furthermore, to find agency action in this case, under the theory that the alleged failure to act is, in fact, action because of its effect, is to beg the question of reviewability. "The test of finality for purposes of review is not whether the order is the last administrative order contemplated by statutory scheme, but rather whether it imposes an obligation or denies a right with consequences sufficient to warrant review." *Environmental Defense Fund, Inc. v. Ruckelshaus,* 142 U.S.App.D.C. 74, 79 n. 8, 439 F.2d 584, 589 n. 8 (D.C. Cir., 1971).

It was not the intention of the APA to supplant the primary purpose of an administrative agency, but agency action is reviewable in that narrow realm of "finality" and only in the absence of another "adequate remedy in a court," *Deering Milliken, Inc. v. Johnston,* 295 F.2d 856, 865 (4th Cir. 1961).

In *Hall v. Equal Employment Opportunity Comm'n,* 456 F.Supp. 695, 701 (N.D.Cal. 1978), where the district court gave the "generous review provisions" . . . of the APA "hospitable interpretation," and reluctantly found the presence of final agency action in the particular case, the court went on to conclude that review of the EEOC action is precluded nevertheless, because there exists "an adequate remedy in a court" for the grievances of the plaintiffs therein:

> We are convinced, however, by the statements in the legislative history quoted in *Occidental Life* . . . that Congress intended that the private right of action preserved by § 706(f)(1) be the all-purpose remedy for charging parties dissatisfied with the EEOC's handling of their charge. *In short, we do not think Congress could have been more clear in expressing its intent that the private right of action preserved by § 706(f)(1) is "an adequate remedy in a court" for the alleged shortcomings in the EEOC's handling of the plaintiffs' charges. Thus we hold that the actions of the EEOC herein alleged are not reviewable by this court under the APA.*

We align ourselves with the quoted legislative history in the *Occidental Life* decision and, insofar as the Supreme Court's declaration of the intent of the various provisions of the Equal Employment Opportunity Act of 1972 herein at issue is dispositive, we are in accord. We further find no "final disposition" or "final agency action," nor any evidence to suggest a failure to act on the part of the EEOC which necessitates or warrants review under the APA. As an "adequate remedy in a court" is available to appellants herein, their claims in this case are without merit.

Affirmed.