**Kipling Delano FORBES, Plaintiff,**

**v.**

**Attorney General Janet RENO, and the United States Department of Justice, Equal Employment Opportunity Commission, William Miller, Director Office of Inspector General Equal Employment Opportunity Commission, Chairman & Commissioners, Equal Employment Opportunity Commission, Eugene V. Nelson, EEOC Pittsburgh Area Director, Joseph Hardiman, III, EEOC Supervisor, and Alan Archer, EEOC Investigator, Defendants.**

**Civ. A. No. 94–1225.**

United States District Court,
W.D. Pennsylvania.

June 27, 1995.

---

Kipling Delano Forbes, Monroeville, PA, pro se.

EEOC Office of Legal Counsel, Richard E. Dunlop, Washington DC, U.S. Attys. Office, Ryan Kennedy, Pittsburgh, PA, for defendants.

### *OPINION*
and
### *ORDER OF COURT*

AMBROSE, District Judge.

Plaintiff Kipling Delano Forbes ("Forbes"), acting *pro se*, has filed this action seeking damages for alleged statutory and constitutional violations arising out of the investigation of charges of discrimination filed with Defendant Equal Employment Opportunity Commission ("EEOC"). In addition to the EEOC, Forbes has named as defendants United States Attorney General Janet Reno and the United States Department of Justice (together, the "Government Defendants"), as well as various individual officers and employees of the EEOC. To this date, Forbes has filed a Complaint (Docket #: 1), an Amended Complaint (Docket #: 3), and a Supplemental and Amended Complaint (Docket #: 30), (collectively, the "Complaint"), totalling 149 pages of fact, argument and case citations detailing the various federal statutes and constitutional provisions allegedly violated by Defendants. Pending before the Court are Motions to Dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to Fed.R.Civ.Proc. 12(b)(1) and 12(b)(6). After carefully considering the contentions of the parties, the Motions will be granted for the following reasons, and the Complaint will be dismissed in its entirety.

Despite the length of the Complaint, the factual averments forming the basis of this action are few and straightforward. Forbes is a black, 45–year–old male with advanced degrees in philosophy and psychology, and he was apparently employed as a professor at a state university. The Complaint does not specify what adverse employment action Forbes suffered in his employment, but apparently Forbes felt at some point that he was the victim of discrimination at the hands of the university, because he filed charges of race and age discrimination with the EEOC against the university in November of 1990 and in April and October of 1993. Forbes filed an additional charge of unlawful retaliation against the university in October 1993.

The EEOC began investigating these charges. Forbes entered into a settlement of the November 1990 charge, allegedly because "Defendant forced settlement of that charge ... by threatening to find no violation." (Complaint, Docket #: 1, ¶ 4.) The EEOC investigation with respect to the 1993 charges went forward and apparently continued for more than 180 days without a decision being reached by the EEOC and without Forbes being notified that 180 days had passed and that he could at that point choose to bring a private action in a court of law rather than letting the EEOC continue to investigate his charge. Our understanding of the Complaint indicates that Forbes claims that Defendants' actions violated his rights under statutory and constitutional law in three distinct ways. First, Forbes claims that Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(5)(f), requires the EEOC to *automatically* issue notice to a complainant of his right to sue his employer in a court of law once the EEOC investigation has been pending for 180 days, regardless of whether the EEOC has completed its investigation and regardless of whether the complainant has requested a right-to-sue letter. Second, Forbes claims that the EEOC failed to properly and thoroughly investigate his charges of discrimination and used improper methods in its evaluation of his charges so as to amount to fraudulent conduct by Defendants.

Third, Forbes contends that because his former employer was in essence a state government, Title VII required the EEOC to relinquish jurisdiction of his charge to the Government Defendants once 30 days had passed without a reconciliation having been reached with the university. Forbes contends that the EEOC's failure to automatically issue the right-to-sue notice after 180 days and/or its failure to inform him that he had a right to sue in a court of law after 180 days, as well as its inadequate or improper investigation of his charges of discrimination and its failure to relinquish jurisdiction of his charge to the Government Defendants violated Title VII, the Age Discrimination in Employment Act, the Administrative Procedures Act, the Federal Tort Claims Act, and his rights under the Fifth, Thirteenth and Fourteenth Amendments to the U.S. Constitution. Forbes also contends that Defendants conspired and fraudulently colluded with a state (here, presumably his former employer) to deprive him of his Fifth Amendment Due Process rights and his constitutional right to access to the courts. Forbes seeks money damages against Defendants in excess of $50,000 as well as injunctive relief.

■ We first consider whether the doctrine of sovereign immunity precludes this Court from exercising jurisdiction over Forbes' Title VII claims against the EEOC, the Department of Justice, and the individual defendants in their official capacities, and we conclude that it does. A federal court is without jurisdiction to entertain a suit for money damages against the United States or its agencies unless sovereign immunity has expressly been waived. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). The doctrine of sovereign immunity applies to individual officers sued in their official capacity, because an official capacity suit is "only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114 (1985). Although Forbes contends that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, that section is not a waiver of sovereign immunity. *B.K. In-*

*strument, Inc. v. United States*, 715 F.2d 713, 724 (2d Cir.1983). Moreover, Title VII does not contain a waiver of sovereign immunity. Forbes' arguments to the contrary are not persuasive. Forbes' claims against the official defendants pursuant to Title VII will accordingly be dismissed for lack of jurisdiction.

■ We note that both the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA"), and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701–706, constitute limited waivers of the federal government's sovereign immunity to suit. The FTCA requires that a claimant first present an administrative claim to the appropriate federal agency before commencing suit in federal court. 28 U.S.C. § 2675. This is a jurisdictional requirement that cannot be waived and. that must be strictly construed. *Livera v. First National State Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir.1989); *Pennsylvania v. National Association of Flood Insurers*, 520 F.2d 11 (3d Cir.1975), *overruled on other grounds*, 659 F.2d 306 (3d Cir.1981). Nothing in the Complaint indicates that Forbes has complied with this jurisdictional prerequisite, and thus Forbes' claims pursuant to the FTCA will accordingly be dismissed for lack of jurisdiction.

■ Moreover, a claim for money damages is not within the sovereign immunity waiver of the Administrative Procedures Act. 5 U.S.C. § 702; *Id.* at 719. Forbes' claims for monetary relief against the EEOC, the Department of Justice, and the individual defendants in their official capacities under the APA are also barred by the doctrine of sovereign immunity.

■ Forbes has asked for injunctive relief pursuant to the APA, but this claim is also precluded because of lack of jurisdiction. The APA provides for judicial review of final agency action when no other adequate relief is available. 5 U.S.C. § 704. "Final" for purposes of the APA must include some determination of the legal rights and obligations of the parties. *Georator Corp. v. Equal Employment Opportunity Commission*, 592 F.2d 765, 768 (4th Cir.1979). Al-

**482**

though Forbes insists otherwise, nothing that the EEOC did or failed to do in this case constituted the "final" action necessary to grant this Court jurisdiction over the APA claims because the EEOC investigation cannot impose liability nor does it make any determination on the rights and obligations of either Forbes or his former employer. *Id.; Stewart v. Equal Employment Opportunity Commission,* 611 F.2d 679, 683 (7th Cir.1979). As one Court aptly stated, "[s]tanding alone, [the EEOC investigation] is lifeless, and can fix no obligation nor impose any liability on the plaintiff. It is merely preparatory to further proceedings." *Georator,* 592 F.2d at 768. Moreover, Forbes' right to bring a *de novo* right of action after 180 days of filing his charge of discrimination constitutes an adequate remedy under the APA. *Ward v. EEOC,* 719 F.2d 311 (9th Cir.1983); *Stewart,* 611 F.2d at 684–84. Because there is no final agency action here and because Forbes had an otherwise adequate remedy, this Court lacks jurisdiction over Forbes' claims pursuant to the APA.

■ Because there is no basis for a waiver of sovereign immunity, Forbes' attempts to assert a cause of action directly against the United States for alleged violation of the Fifth, Thirteenth and Fourteenth Amendments against the EEOC, the Department of Justice, and the individual Defendants in their official capacities also fail for lack of jurisdiction. *See Jaffee v. United States,* 592 F.2d 712, 717 (3d Cir.1979) (doctrine of sovereign immunity precludes suit for monetary and equitable relief brought directly against the United States for alleged constitutional violations).

■ Forbes also seeks monetary relief against the individual defendants in their individual capacities under Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Fifth, Thirteenth and Fourteenth Amendments, as well as for fraud and for conspiracy to deprive him of his constitutional right to access to the courts. In a 12(b)(6) motion to dismiss, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994). Moreover, we cannot dismiss a case pursuant to Rule 12(b)(6) unless it clearly appears that no relief can be granted under any set of facts that could be proved consistent with the allegations in the Complaint. *Id.* Even under this liberal pleading standard, however, we conclude that Forbes has failed to state a claim under any of the statutes or constitutional provisions named in the Complaint. We consider each in turn.

■ 1. *Title VII.* Title VII does not grant a plaintiff either an express or an implied right to bring suit against the EEOC for inadequate or improper investigations of a plaintiff's charge of discrimination. *See, e.g., Ward,* 719 F.2d at 314; *Scheerer v. Rose State College,* 950 F.2d 661, 663 (10th Cir. 1991); *Francis–Sobel v. University of Maine,* 597 F.2d 15, 18 (1st Cir.1979); *Gibson v. Missouri Pacific Railroad,* 579 F.2d 890, 891 (5th Cir.1978). *Stewart,* 611 F.2d at 683. The remedy afforded to a complainant who is dissatisfied with the EEOC's handling of his charge is to bring a *de novo* action in a court of law. *Stewart,* 611 F.2d at 682. For the same reasons that Forbes has no right of action against the EEOC, we conclude that there is no implied right of action under Title VII against Attorney General Reno for her alleged failure to automatically "assert jurisdiction" over the EEOC investigation after 30 days had passed. Moreover, Title VII does not require the EEOC to conclude its investigations within 180 days or to automatically issue a notice of right-to-sue at 180 days if its investigation is still pending at that time. *Id.* citing *Occidental Life Ins. Co. v. E.E.O.C.,* 432 U.S. 355, 361, 97 S.Ct. 2447, 2452, 53 L.Ed.2d 402 (1977); *Turner v. Texas Instruments, Inc.,* 556 F.2d 1349, 1352 (5th Cir.1977); *Williams v. Southern Union Gas Co.,* 529 F.2d 483, 487 (10th Cir.1976). *See also* 29 C.F.R. § 1601.28 (1994) (notice of right-to-sue when investigation is still pending after 180 days is issued only upon complainant's request in writing). For these reasons, the Complaint fails to state a claim under Title VII.

■ 2. *ADEA.* The same reasons that dictate that Title VII does not provide

Forbes with a cause of action in this case also apply to Forbes' claims under the ADEA. The ADEA does not create an express or implied right of action for a complainant's dissatisfaction with the EEOC's handling of a charge. *Becker v. Sherwin Williams,* 717 F.Supp. 288, 294 (D.N.J.1989). As in Title VII, Congress granted ADEA plaintiffs an express remedy of bringing a *de novo* action in a court of law once a charge of discrimination has been pending more than sixty days with the EEOC. *Id.* Forbes' claim pursuant to the ADEA will accordingly be dismissed for failure to state a claim.

■■■■ 3. *Fifth Amendment.* Forbes contends that Defendants' actions deprived him of his due process rights to a *de novo* trial of his charges of discrimination. Where an agency does not adjudicate or make binding determinations which directly affect the legal rights of individuals, the due process considerations of the Fifth Amendment do not attach. *Francis–Sobel,* 597 F.2d at 18; *Georator,* 592 F.2d at 768. The EEOC's function is investigative, and thus the EEOC does not make determinations affecting the legal rights of individuals because those individuals retain the right to a *de novo* review of their charges of discrimination in a court of law. *See Georator,* 592 F.2d at 768; *Francis–Sobel,* 597 F.2d at 18; *Connor v. EEOC,* 736 F.Supp. 570, 572 (D.N.J.1990). Forbes' Fifth Amendment rights were not implicated here and he has thus failed to state a claim under the Fifth Amendment.

■■■■ 4. *Thirteenth Amendment.* Forbes argues that "[a]bsent the *right* to trial *de novo* as a matter of law, Plaintiff finds the grant of recourse to the courts in his case arbitrary, capricious and a feudalistic gesture which carries with it those "badges of slavery" proscribed by the Thirteenth Amendment. (*See* Pl.Br.Opp., Docket # : 20 at 27.) This argument is devoid of merit. We simply fail to see how the constitutional amendment proscribing slavery and involuntary servitude applies to the facts alleged in the present case, and we find that Forbes has failed to state a claim under the Thirteenth Amendment.

■■■■ 5. *Fourteenth Amendment.* By its very terms, the Fourteenth Amendment can be violated only by conduct that may be fairly characterized as "state action." *Lugar v. Edmondson Oil Co. Inc.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Forbes insists that the EEOC, by its actions, "entered into a 'symbiotic relationship' with a State government involved in State actions of discrimination and unconstitutional deprivations of Fifth Amendment liberty and property interests, and was thereby accountable for its 'significant involvement' in such discriminatory and unconstitutional State actions" under the Fourteenth Amendment. *See* Pl.Br., Docket # : 14 at 41. We find this argument entirely without merit. The facts alleged in the Complaint refer to actions taken by federal officials of a federal agency pursuant to a duty prescribed by federal law. Nothing in the Complaint suggests that state action was involved here, and Forbes' Fourteenth Amendment claims will also be dismissed.

■■■■ 6. *Conspiracy.* Forbes alleges that Defendants conspired and fraudulently colluded to deprive Forbes of his due process rights under the Fifth Amendment and of his right to meaningful access to the courts. Although Forbes does not specifically cite to 42 U.S.C. § 1985(3) as the basis of this claim, we understand his arguments as attempting to state a claim pursuant to that statute. We have carefully considered both the factual averments of the Complaint as well as the "evidence of fraud, and fraud by collusion and conspiracy" set forth by Forbes in his brief. *See* Pl.Br., Docket # : 20 at 24–25. We conclude that the Complaint fails to set forth any facts from which a conspiratorial agreement among Defendants and Forbes' former employer can be inferred, and we find that the "facts" asserted by Forbes amount to nothing more than vague and conclusory assertions and argument regarding the existence of a conspiracy or fraud. Conclusory allegations of fraud are insufficient to state a § 1985(3) claim. *D.R. by L.R. v. Middle Bucks Area Vo. Tech. School,* 972 F.2d 1364, 1377 (3d Cir.1992).

■■■■ 7. *Common Law Fraud.* To the extent that Forbes is attempting to state a common law fraud claim against the individual defendants, we decline to exercise supplemental jurisdiction over such a claim. *See* 28 U.S.C. § 1367(c)(3).

In sum, the entire Complaint will be dismissed in its entirety for lack of jurisdiction and for failure to state a claim pursuant to Fed.R.Civ.Proc. 12(b)(1) and 12(b)(6). The Complaint will be dismissed with prejudice, since Forbes has already amended his Complaint twice and has been afforded ample opportunity to state a legally sufficient basis for his lawsuit. To allow him further opportunity to amend would be futile.