Mahinder S. UBEROI, pro se Plaintiff,

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant.**

No. CIV.A.01–1579(RMU).

United States District Court, District of Columbia.

Aug. 16, 2001.

Mahinder S. Uberoi, Boulder, CO, pro se.

James G. Allison, Equal Employment Opportunity Com'n., Washington, DC, for defendant.

## MEMORANDUM OPINION

URBINA, District Judge.

**Granting the Defendant's Motion to Dismiss; Denying the Plaintiff's Motion for a Preliminary Injunction**

### I. INTRODUCTION

This matter is before the court on the defendant's motion to dismiss for lack of subject-matter jurisdiction or, alternatively, for failure to state a claim on which relief can be granted. The plaintiff, Mahinder S. Uberoi, seeks a declaratory judgment stating that the defendant, the United States Equal Employment Opportunity Commission ("EEOC"), acted in derogation of its statutory authority by modifying the language in the plaintiff's racial discrimination charge. The plaintiff also seeks an order and preliminary injunction from the court forcing the EEOC to serve the plaintiff's charge and withdraw its Dismissal and Notice of Rights. The EEOC argues that the court lacks subject-matter jurisdiction over the plaintiff's complaint because the government has not waived sovereign immunity with regard to the plaintiff's claims against the EEOC. For the reasons stated below, the court will grant the defendant's motion to dismiss.

### II. BACKGROUND

Mahinder Uberoi became a tenured professor of aerospace engineering at the University of Colorado in 1963. *See* Compl. ¶¶ 2, 5; Def.'s P. & A. at 2. On December 13, 2000, Dr. Uberoi filed an employment discrimination charge with the EEOC's Denver Office. *See* Compl. ¶ 5; Def.'s P. & A. at 2. In the charge, Dr. Uberoi alleged that "individual regents, some named administrators and faculty members of the University conspired to engage

in unlawful employment discrimination against [Dr.] Uberoi because of his Asian Indian origin, color and race." Compl. ¶ 5; *see also* Def.'s P. & A. at 2. Dr. Uberoi also alleged that the University "retaliated again him because he opposed their racially motivated discrimination against employees and prospective employees of the University and he has refused to participate in such unlawful practices." Compl. ¶ 5.

The EEOC did not serve the charge on the University, however, because it believed that Dr. Uberoi's seventy-one page submission lacked specificity, was untimely, and contained matters beyond the EEOC's jurisdiction. *See id.* ¶ 6. Dr. Uberoi offered to amend the charge if the EEOC provided specific recommendations for improvement. *See id.* ¶¶ 6, 7. The EEOC made no such recommendations; instead, it mailed Dr. Uberoi a "perfected" charge which Dr. Uberoi was to sign under oath and re-submit to the EEOC. *See id.* ¶ 7. Dr. Uberoi refused to sign the "perfected" charge because he believed it misstated and poorly advocated his grievances. *See id.*, App. 1 at 3. The EEOC nonetheless conducted five months of investigation into the issues raised in the "perfected" charge. *See* Def.'s P. & A. at 2. On May 17, 2001, the EEOC informed the plaintiff that "the Commission is unable to conclude that the information obtained establishes violations of statutes." Compl., App. IV, Ex. B. Accordingly, the EEOC dismissed Dr. Uberoi's charge and notified him of his right to sue the University in federal court. *See* Compl., App. IV, Ex B; Def.'s P. & A. at 2. Dr. Uberoi now sues the EEOC for having modified his initial charge.

## III. DISCUSSION

### A. Legal Standard

The defendant moves to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, Rule 12(b)(6). Rule 12(b)(1) deals with the court's subject-matter jurisdiction, while Rule 12(b)(6) "presents a ruling on the merits with a res judicata effect." *See Haase v. Sessions,* 835 F.2d 902, 906 (D.C.Cir.1987).

Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. *See District of Columbia Retirement Bd. v. United States,* 657 F.Supp. 428, 431 (D.D.C.1987). Because subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority. *See* 5A Wright & Miller, FED. PRAC. & PROC. CIV.2D § 1350. For this reason, "the [p]laintiff's factual allegations in the complaint ... will bear closer scrutiny in resolving a 12(b)(1) motion" than in resolving a 12(b)(6) motion for failure to state a claim. *See id.*

In deciding a 12(b)(1) motion, the court need not limit itself to the allegations of the complaint. *See Hohri v. United States,* 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds,* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Rather, "[t]he court may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *Scolaro v. D.C. Board of Elections and Ethics,* 104 F.Supp.2d 18, 22 (D.D.C.2000) (citing *Herbert v. Nat'l Academy of Sciences,* 974 F.2d 192, 197 (D.C.Cir.1992)); *see also Haase v. Sessions,* 835 F.2d 902, 906 (D.C.Cir.1987).

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted tests not whether the plaintiff will prevail on the merits, but whether the

plaintiff has properly stated a claim. *See* FED. R. CIV. P. 12(b)(6); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90, (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In deciding such a motion, the court must accept as true all well-pleaded allegations and draw all reasonable inferences in the plaintiff's favor. *See Maljack Prods. v. Motion Picture Ass'n*, 52 F.3d 373, 375 (D.C.Cir.1995).

### B. Congress Has Not Waived Sovereign Immunity With Regard to the Plaintiff's Claim

 Under the doctrine of sovereign immunity, the United States is immune from suit and may define the conditions under which it will permit actions against itself. *See, e.g., McElrath v. United States*, 102 U.S. 426, 12 Otto 426, 16 Ct.Cl. 630, 26 L.Ed. 189 (1880). Waivers of sovereign immunity must be "unequivocally expressed" in "statutory text," *see, e.g., Lane v. Peña*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996), and "[waivers] are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). Because "sovereign immunity is jurisdictional in nature," *Malone v. Bowdoin*, 369 U.S. 643, 645, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962), any party bringing an action against the United States has the burden of alleging that the government has waived its immunity with regard to the claim at issue. *See FDIC v. Meyer*, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). A claimant's failure to establish waiver deprives the court of subject-matter jurisdiction. *See id.*

Although courts have held that "claims for money damage against the EEOC are barred by sovereign immunity," *Clissuras v. EEOC*, 1990 WL 96754, *4 (S.D.N.Y. 1990); *see also McCartin v. Norton*, 674 F.2d 1317, 1321–22 (9th Cir.1982), it is less clear whether claims for non-monetary relief are similarly barred. The only conceivable indication that the government has waived immunity for non-monetary suits against the EEOC is the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et. seq.*, which allows judicial review of agency actions when those actions have "determinate consequences for the party to the proceeding." *See ITT v. Electrical Workers*, 419 U.S. 428, 443, 95 S.Ct. 600, 42 L.Ed.2d 558 (1975). Yet the APA is inapplicable to challenges of EEOC investigations, for "[t]he EEOC's negligence or inaction in the internal processing of a complaint has no determinate consequences because such actions are merely preparatory to a lawsuit by either the EEOC or the charging party in federal district court[, and] only the district court may fix liability." *Ward v. EEOC*, 719 F.2d 311, 313–314 (9th Cir.1983). Moreover, as discussed above, when a court is uncertain whether the government has waived sovereign immunity, the court *must* assume that immunity has not been waived. *See, e.g., Lane*, 518 U.S. at 192, 116 S.Ct. 2092. This court therefore assumes that the government retains immunity from the plaintiff's suit against the EEOC.[1] Accordingly, the court will dismiss

---

1. There are situations—for example, when an employee of the EEOC sues the EEOC for racial discrimination—in which this court's discussion of immunity *vis-a-vis* the plaintiff's

the plaintiff's complaint for lack of subject-matter jurisdiction.

### C. The Plaintiff's Complaint Would Also Fail Under Rule 12(b)(6)

■ Even assuming *arguendo* that the court has subject-matter jurisdiction over the plaintiff's complaint, the court would have to dismiss the complaint under Rule 12(b)(6) for two reasons. First, the D.C. Circuit and circuits across the county have held that "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C.Cir.1997); *see also Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 4 (2d Cir.1997); *Scheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir.1991); *McCottrell v. EEOC*, 726 F.2d 350, 351–52 (7th Cir.1984); *Ward v. EEOC*, 719 F.2d 311, 312–14 (9th Cir.1983); *Francis–Sobel v. University of Maine*, 597 F.2d 15, 17–18 (1st Cir.1979); *Gibson v. Missouri Pac. R.R. Co.*, 579 F.2d 890, 891 (5th Cir.1978). As one court has stated,

> Congress intended that the private right of action preserved by § 706(f)(1) [of Title VII] be the all-purpose remedy for charging parties dissatisfied with the EEOC's handling of their charge. In short, we do not think Congress could have been more clear in expressing its intent that the private right of action preserved by § 706(f)(1) is "an adequate remedy in a court" for the alleged shortcomings in the EEOC's handling of the plaintiffs' charges.

*Hall v. EEOC*, 456 F.Supp. 695, 701 (N.D.Cal.1978); *accord Ward*, 719 F.2d at 314. As such, the above authorities clearly

complaint would not apply. *See, e.g., Ward,* 719 F.2d at 313 ("present or former [EEOC] employees ... who allege an unlawful em-

indicate that the plaintiff would not have a cause of action against the EEOC.

Second, the EEOC has statutory discretion to modify charges. *See* 42 U.S.C. § 2000e–5 (b). Congress empowered the EEOC to prevent certain unlawful employment practices. *See* 42 U.S.C. § 2000e–5 (a). A person who believes that she has been a victim of such practices may file a charge with the EEOC. *See* 42 U.S.C. § 2000e–5 (b). The EEOC will then "serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on [the alleged perpetrator]." *Id.* But the charge that the EEOC eventually serves need not use the complainant's exact language; rather, as the enforcement provisions of the EEOC make clear, "charges shall be in writing under oath or affirmation and *shall contain such information and be in such form as the Commission requires.*" *Id.* (emphasis added).

Dr. Uberoi asks this court for relief because he is displeased with the language the EEOC used to frame his allegations of discrimination. *See* Compl. at 7. Dr. Uberoi believes that the EEOC's "perfection" of his original allegations amounts to a "clear derogation of ... express statutory authority." *See id.* Even assuming that the court had subject-matter jurisdiction, it would disagree with the plaintiff. The clear and express language of Section 2000e–5 (b) indicates that the EEOC has the power to formulate and present charges as it wishes, and the EEOC therefore did not act in derogation of its authority by rejecting the plaintiff's initial charge.

### IV. CONCLUSION

For all these reasons, the court grants the defendants' motion to dismiss. An

ployment practice committed by the EEOC as an employer may bring a Title VII action against the EEOC").

order directing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously issued this 16th day of August, 2001.

### ORDER

**Granting the Defendant's Motion to Dismiss; Denying the Plaintiff's Motion for a Preliminary Injunction**

Upon consideration of the Plaintiff's Motion for a Preliminary Injunction and the Defendant's Motion to Dismiss, and for the reasons stated in the court's Memorandum Opinion,

it is this 16th day of August 2001,

**ORDERED** that the defendant's motion to dismiss be **GRANTED;** and it is

**FURTHER ORDERED** that the plaintiff's motion for a preliminary injunction be **DENIED.**

**SO ORDERED.**