Joseph L. D'ALESSANDRO and Olga D'Alessandro, Plaintiffs,

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and Marie Tomasso, Defendants.

No. Civ.A. 02–114.

United States District Court,
D. Delaware.

July 30, 2002.

---

Joseph L. D'Alessandro, Lewes, DE, Pro se.

Judith Kinney, Asst. U.S. Atty.'s, U.S. Attorney's Office, Wilmington, DE, Susan R. Becker, Asst. U.S., U.S. Attorney's Office, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is the Motion to Dismiss of the Defendants, Equal Employment Opportunity Commission (the "EEOC") and Marie Tomasso, District Director (collectively referred to as "Defendants"). In this case, Plaintiffs, Joseph D'Alessandro and Olga D'Alessandro ("Plaintiffs" or "D'Alessandro") brought claims against Defendants for the allegedly negligent investigation of Plaintiffs' EEOC claim against Mrs. D'Alessandro's former employer, L.L. Bean. For the following reasons, the Court will grant the Defendants' Motion to Dismiss based on sovereign immunity and will dismiss all the claims against the Defendants with prejudice.

## BACKGROUND

In approximately July or August 2000, Plaintiffs filed a complaint with the EEOC regarding discrimination Mrs. D'Alessandro was allegedly subjected to through her then employer, L.L. Bean. Mrs. D'Alessandro alleged she was discriminated against because of a disability and her age. Plaintiffs allege in their complaint that the EEOC did not investigate their claim, did not look at documentation provided by the Plaintiffs, and closed their case prior to the end of a ten day period the Plaintiffs had been given to provide further evidence to prove their claim. Plaintiffs allege the Defendants violated their rights as follows: 1) violated the fifth and fourteenth amendments of the Constitution by denying Mrs. D'Alessandro her right to due process; 2) obstructed justice; 3) misapplied the law; 4) refused to amend the EEOC complaint; 5) refused to accept an appeal; and 6)

refused to produce documentation. *See* Pl.s' Compl. at p. 2.[1]

Defendants filed a Motion to Dismiss all of Plaintiffs' claims, which we now consider.

### Discussion

#### I. *Legal Standard*

When deciding a 12(b)(1) motion, "dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of the Supreme Court, or otherwise completely devoid of merit as not to involve a federal controversy.' " *Kulick v. Pocono Downs Racing Ass'n,* 816 F.2d 895, 899 (3d Cir.1987) (*quoting Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666, 94 S.Ct. 772, 776, 39 L.Ed.2d 73, (1974)). Consequently, "[t]he threshold to withstand a motion to dismiss under Fed. R.Civ.P. 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion." *Lunderstadt v. Colafella,* 885 F.2d 66, 70 (3d Cir.1989).

When deciding a 12(b)(6) motion, a court must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-movant. Fed. R.Civ.P. 12(b)(6); *see also Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). Dismissal is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

Further, because Plaintiffs are proceeding *pro se,* the Court will construe their complaint liberally and hold it to a less stringent standard than a pleading drafted by an attorney. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d

251 (1976); *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

#### II. *Plaintiffs' Claims Against EEOC*

Plaintiffs allege Defendants negligently investigated their EEOC claim. Specifically, Plaintiffs allege Defendants violated their rights as follows: 1) violated the fifth and fourteenth amendments of the Constitution by denying Mrs. D'Alessandro her right to due process; 2) obstructed justice; 3) misapplied the law; 4) refused to amend the EEOC complaint; 5) refused to accept an appeal; and 6) refused to produce documentation. *See* Pl.s' Compl. at p. 2.

##### A. *Sovereign Immunity*

■ Defendants argue the EEOC is entitled to sovereign immunity as an agency of the federal government and that this immunity has not been waived by Congress. Def.s' Motion to Dismiss p. 6, ¶ 2.

■ Absent an express waiver of sovereign immunity, neither the United States nor its agencies can be sued for money damages. *FDIC v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Forbes v. Reno,* 893 F.Supp. 476, 481 (W.D.Pa.1995), *aff'd,* 91 F.3d 123 (3d Cir. 1996). Many courts have held that "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Uberoi v. EEOC,* 180 F.Supp.2d 42, 46 (D.D.C. 2001); *Smith v. Casellas,* 119 F.3d 33, 34 (D.C.Cir.1997) (same); *see also Baba v. Japan Travel Bureau Int'l, Inc.,* 111 F.3d 2, 4 (2d Cir.1997) (citing no cause of action against the EEOC for any "... improper investigation or processing of a discrimina-

---

1. Plaintiffs' Complaint is not set forth in numbered paragraphs, therefore, the Court will refer to the approximate page number(s) on which allegations occur.

tion charge ...."); *Scheerer v. Rose State College,* 950 F.2d 661, 663 (10th Cir.1991) (same); *McCottrell v. EEOC,* 726 F.2d 350, 351–52 (7th Cir.1984) (same); *Ward v. EEOC,* 719 F.2d 311, 312–14 (9th Cir.1983) (same); *Francis–Sobel v. University of Maine,* 597 F.2d 15, 17–18 (1st Cir.1979) (same); *Gibson v. Missouri Pac. R.R. Co.,* 579 F.2d 890, 891 (5th Cir.1978) (same).

Additionally, as Marie Tomasso is being sued in her official capacity, the allegations against her are also treated as a suit against the EEOC and, therefore, they too fall under the doctrine of sovereign immunity. *Forbes,* 893 F.Supp. at 481.

Thus, the EEOC is immune from suit for the claims brought by the Plaintiffs. Accordingly, Plaintiffs' Complaint must be dismissed with prejudice.

### III. *FTCA claims*

Defendants further argue that even if it is proper for Plaintiffs to bring their allegations under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675, their suit must still be dismissed because 1) only the United States is an appropriate party to be named in an FTCA suit and 2) under the FTCA all administrative remedies must be exhausted prior to filing a lawsuit, which the Plaintiffs have not done. Def.s' Motion to Dismiss p. 6–7.

While Plaintiffs state they are not pursuing their claims under the FTCA, this Court will examine the application of the FTCA to the present case, as this would be the only possible way for the Plaintiffs to state a claim.

■ The FTCA provides a limited waiver of immunity for actions in tort against the United States for the actions or negligence of employees of the government. 28 U.S.C. § 2675(a). Defendants correctly argue that agencies of the government, such as the EEOC, cannot be named as parties in FTCA suits. *FDIC v. Meyer,* 510 U.S. at 476, 114 S.Ct. at 1000;

*FDIC v. Craft,* 157 F.3d 697, 706 (9th Cir.1998). Further, suits brought against agencies of the government cannot be construed as suits against the United States for purposes of the FTCA. *See Kennedy v. United States Postal Service,* 145 F.3d 1077, 1078 (9th Cir.1998). Therefore, Plaintiffs' claims must be dismissed with prejudice as they have been brought against parties "not subject to the FTCA." *Id.*

■ Moreover, even if the Plaintiffs had named the appropriate parties, their claims could not go forward because the FTCA requires the exhaustion of all administrative remedies prior to filing a lawsuit. *See* 28 U.S.C. § 2675(a); *see also Bialowas v. United States,* 443 F.2d 1047, 1049 (3d Cir.1971) (requiring a claim be submitted to and finally denied by the appropriate federal agency before filing a lawsuit); *Forbes* 893 F.Supp. at 481 (same). This requirement is jurisdictional and cannot be waived. *Livera v. First Nat'l. State Bank of New Jersey,* 879 F.2d 1186, 1194 (3d Cir.1989); *Bialowas,* 443 F.2d at 1049; *Forbes,* 893 F.Supp. at 481. Plaintiffs have not pled that they have exhausted all administrative remedies in regard to their claims against the EEOC. Additionally, Defendants specifically allege Plaintiffs have not exhausted those remedies. Therefore, Plaintiffs have failed to meet the requirements of the FTCA, necessitating the dismissal of this claim for lack of jurisdiction. *See, e.g., McNeil v. U.S.,* 508 U.S. 106, 111, 113 S.Ct. 1980, 1983, 124 L.Ed.2d 21 (1993) (affirming dismissal of suit for violation of procedural requirements of the FTCA when plaintiff filed lawsuit before filing a complaint and receiving final denial of claim by the federal agency); *Bialowas,* 443 F.2d at 1049 (requiring a claim be submitted and finally denied by federal agency prior to filing lawsuit).

*Conclusion*

An appropriate order follows.

### ORDER

AND NOW, this 30th day of July, 2002, upon consideration of the Defendants' Motion to Dismiss Plaintiffs' Complaint and Plaintiffs' response thereto, it is hereby ORDERED that, for the reasons set forth in the accompanying Memorandum, the Motion is GRANTED.

It is further ORDERED that Plaintiffs' Complaint in the above-captioned case is hereby DISMISSED WITH PREJUDICE.