

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-16-2006

# Parrott v. Abramsen

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2041

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Parrott v. Abramsen" (2006). *2006 Decisions*. Paper 322.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/322

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2041
_____

ROY SYLVESTER PARROTT,
Appellant

v.

DENISE ABRAMSEN; A. BOSCHULTE;
PAULINE DIAZ; DONNA DONAVAN;
BRENDA HOLLAR

_____

On Appeal From the District Court
For the District of the Virgin Islands
(D.C. Civil No. 05-cv-0002)
District Judge:  Honorable Raymond L. Finch

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
September 28, 2006

Before: **\*\*RENDELL, AMBRO and GREENBERG,** <u>Circuit Judges</u>

(Filed October 16, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

     Roy Parrott appeals the dismissal of his civil rights complaint by the District Court

for the Virgin Islands.  We will dismiss the appeal pursuant to 28 U.S.C. 1915(e)(2)(B).

# I.

This suit names as defendants several individuals associated with the Superior Court of the Virgin Islands (formerly the Territorial Court) in the Judicial District of St. Thomas:  Brenda Hollar, Superior Court Judge; Denise Abramsen, Clerk of the Superior Court; Pauline Diaz, Deputy Clerk; and Donna Donovan and A. Boschulte, Judicial Assistants.  Parrott has filed two other actions in the Superior Court, a habeas petition (filed in 1998), and a civil rights complaint (filed in July 2001).  According to Parrott's complaint, the defendants have engaged in a civil conspiracy to delay unfairly (and eventually deny) his habeas matter and cause him to lose his civil rights suit, in violation of 42 U.S.C. § 1985(2)-(3).  Parrott alleges that, with regard to the civil rights suit, "the defendants conspired together and with others" to (1) ensure that he did not receive a copy of Judge Hollar's February 2002 order informing him that he would need to petition the court for *in forma pauperis* status in order to continue the case, (2) mail a July 2003 order too late for it to reach Parrott in time for him to participate in an August 2003 hearing, after which the case was administratively closed, (3) "refuse to file" Parrott's notice of appeal, and (4) improperly transfer the case from the St. Croix Division to the St. Thomas Division.  With regard to the habeas action, Parrott contends that the defendants "deferred for 4 years a ruling on all outstanding motions, and on the petition for habeas relief," and subsequently denied the petition in order "to continue to wilfully,

2

deliberately, and vindictively deprive plaintiff of his constitutional and civil rights."[1]

The defendants filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court granted the motion. Parrott now appeals the District Court's judgment. He has also filed a motion asking this Court to appoint counsel.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Having granted Parrott leave to proceed in forma pauperis on appeal, we must now determine whether his appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). When reviewing the District Court's grant of motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), we must accept as true all factual allegations in the complaint, and all reasonable inferences that can be drawn from them. See Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

As an initial matter, Judge Hollar is immune from suit. A judicial officer has absolute immunity from suit for actions taken in her judicial capacity. See Mireles v. Waco, 502 U.S. 9, 12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all

---

[1] Parrott adds the denial-of-petition claim in an amended complaint.

3

jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted). All of the allegations in Parrott's complaint which are relevant to Judge Hollar relate to her actions as a judge. Parrott has not set forth any facts that would show that Judge Hollar's actions were taken in clear absence of her jurisdiction.

We need not address immunity further because Parrott's claims lack merit. In order for Parrott to state a claim of obstruction of justice/access to the courts pursuant to 42 U.S.C. § 1985(2)-(3), Parrott must allege that racial, or otherwise class-based, invidiously discriminatory animus lay behind the defendants' actions. See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993); D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Pratt v. Thornburgh, 807 F.2d 355, 357 (3d Cir. 1986). Parrott also must set forth facts from which a conspiratorial agreement between the defendants can be inferred. See Forbes v. Reno, 893 F. Supp. 476, 483 (W.D. Pa. 1995), aff'd, 91 F.3d 123 (3d Cir. 1996) (table). Parrott's complaint meets neither of these requirements and thus fails to state a claim. See D.R. by L.R, 972 F.2d at 1377 ("mere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim"); Robinson v. McCorkle, 462 F.2d 111, 113 (3d Cir. 1972) (collecting cases).

The claim that Parrot addresses most thoroughly in his complaint is that the Superior Court should not have dismissed his civil complaint for failure to prosecute. While that may be the case, this civil conspiracy action is not the proper means to obtain

4

relief.[2]  Nor is it the appropriate vehicle for challenging the denial of his habeas petition.

Accordingly, Parrott's appeal is without legal merit and we will dismiss it pursuant to § 1915(e)(2)(B).  The motion for appointment of counsel is denied.

---

[2]While Parrott details the circumstances of his failure to file for *in forma pauperis* status and failure to participate in the August 2003 hearing in the current action, there is no indication that he presented these arguments in a motion to reopen or any other vehicle to the court which administratively closed the previous matter.